**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
**Kent Roberts**, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Amis Integrity S.A. *in personam* and ) <br> M/V AMIS INTEGRITY (IMO 9732412) ) <br> her engines, freights, apparel, ) <br> appurtenances, tackle, etc., *in rem,* ) <br> ) <br> Defendant. ) | Case No.: 3:19-cv-1671 <br><br> IN ADMIRALTY |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff DRY BULK SINGAPORE PTE. LTD. (hereinafter "Plaintiff" or "DRY BULK"), by and through undersigned counsel, and files this Verified Complaint, against Defendants Amis Integrity S.A. *in personam* (hereinafter "Amis Integrity") and M/V AMIS INTEGRITY, *in rem,* (hereinafter "the Vessel"). Plaintiff alleges and pleads as follows:

/ / /

Page 1 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## JURISDICTION AND VENUE

1.   Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").  This case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the improper and unjustified withdrawal of the Vessel under an existing charter fixture with a company called 24Vision, conversion of unearned charter hire and bunkers, tortious interference with the existing charter fixture agreement and unjust enrichment..

2.   Venue is proper in the United States District Court for the District of Oregon pursuant to 33 U.S.C. § 1391(b)(2) because the M/V AMIS INTEGRITY is or will soon be located in the judicial district along the Columbia River and/or in the Port of Vancouver, WA.

## THE PARTIES

3.   At all times material hereto, Plaintiff DRY BULK was and still is a foreign corporation registered in Singapore.

4.   At all times material hereto, Defendant Amis Integrity S.A. is a foreign corporation doing business within the District of Oregon with an office Care of Wisdom Marine Lines SA , 2nd Floor, 237, Fuxing S Road, Section 2, Da-an District, Taipei City, 10667, China, Republic of (Taiwan). Defendant Amis Integrity S.A. is the owner of the M/V AMIS INTEGRITY.

5.   At all times material hereto, Defendant M/V AMIS INTEGRITY is a 35825 gross tonnage, bulk carrier, built in 2017, with IMO No. 9732412, with an International Call Sign of

Page 2 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

H9XQ, and is now or will be within the District of Oregon and is subject to the jurisdiction and venue of this Honorable Court.

**FACTS**

6. On or about June 27, 2017, AMIS INTEGRITY S.A., as owner of the Vessel, and 24VISION CHARTERING SOLUTIONS DMCC, (hereinafter "24VISION"), as charterer, entered into a "NYPE 93" Time Charter Party agreement for 24VISION to charter the Vessel.

7. On or about January 10, 2019, 24VISION, as disponent owner of the Vessel, entered into a sub-charter agreement with DRY BULK for a "time charter trip via ECSA to PG-Japan range" (hereinafter the "Charter Party agreement"). The charter party hire and ballast bonus rate was determined based on whether the Vessel would be redelivered in the Persian Gulf-Singapore range or the Singapore-Japan range.

8. The charter party agreement between 24 Vision and Dry Bulk was memorialized in a fixture recap. *A copy of the charter party agreement between 24VISION and DRY BULK is attached hereto as **Exhibit 1***.

9. The parties amended the charter party agreement on or about February 8, 2019. *A copy of Addendum 1 is attached hereto as **Exhibit 2***. Pursuant to the agreement of the parties, the following terms of the charter party agreement were amended as follows:

   A. Delivery Time: January 24, 2019 07:42 GMT

   B. Delivery AFSPS Recalada, Argentina

   C. Period: Minimum October 9, 2019 / Maximum January 29, 2020

   D. Daily Hire: USD 15,000 (through October 9, 2019) and USD 14,500 for any period thereafter (through January 29, 2020).

Page 3 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

        E.  Plus a USD 50,000 Gross Ballast Bonus.

10. All other terms and conditions from the January 10, 2019 charter party agreement remained unchanged.

11. Pursuant to Clause 10 of the charter party, the relevant time zone for the payment of charter hire is GMT (i.e. Greenwich Mean Time).

12. On or about July 8, 2019 at 10:19 GMT, 24VISION served DRY BULK with a three (3) day grace period notice under the charter party demanding payment of the eleventh and twelfth hire installments in the amount of USD 217,372.50 and USD 218,551.25, respectively.

13. DRY BULK had three clear banking days (*i.e.*, July 9, July 10, and July 11) in which to effect payment of hire. Under Clause 11(b) of the charter party agreement, so long as payment of hire was effected prior to July 11, 2019 at midnight (2400 hours GMT), the hire payment would be deemed "regular and punctual." *See* Exhibit 1.

14. On July 11, 2019 at or about 12:55 GMT (and 14:55 in the Netherlands – *i.e.* the location of the Owners' Bank Account), DRY BULK's bank transferred the eleventh and twelfth hire payments totaling USD 435,923.75.  Under applicable English law, the payment is treated as having been made on the date of the interbank value date which was July 11, 2019.

15. Accordingly, the outstanding hire payments were deemed regular and punctual under the relevant charter party agreement and DRY BULK had pre-paid hire on the AMIS INTEGRITY through July 23, 2019.

16. DRY BULK's pre-paid twelfth hire installment totaling USD 218,551.25 creates and attaches as a maritime lien to the Vessel when the vessel was wrongly withdrawn.

/ / /

Page 4 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

### As and For A FIRST CAUSE of ACTION AGAINST DEFENDANTS AMIS INTEGRITY S.A. and the M/V AMIS INTEGRITY, *in rem* for TORTIOUS INTERFERENCE WITH CONTRACT

17. Dry Bulk repeats and realleges paragraphs 1-16 of this Verified Complaint as if fully set forth herein.

18. Despite the timely payment of charter hire by Dry Bulk, Amis Integrity S.A. improperly and without basis withdrew the Vessel from Dry Bulk's service thereby tortiously interfering with its charter agreement with 24Vision, while at the same time converting the unearned charter hire paid by Dry Bulk for the direct and sole benefit of Amis Integrity, S.A. and the M/V AMIS INTEGRITY.

19. In addition, Amis Integrity, S.A. knew, or should have known, that the charter agreement between 24Vision and Dry Bulk extended through January 29, 2020. The tortious interference with the agreement wrongfully deprived Dry Bulk of the use of the vessel, in a substantially rising daily hire charter market, for a period over six and one half months (approximately 200 days) during which time Amis Integrity S.A. utilized the vessel to unjust enrich itself and wrongfully deprive Dry Bulk of the benefits of utilizing the Vessel to the end of the charter agreement it had with 24Vision.

20. At the time the Vessel was wrongfully withdrawn from DRY BULK's service, Amis Integrity S.A. knew or should have known that the vessel had been fixed by Dry Bulk to subcharterers Trithorn at a daily hire rate of 26,500 with an intended voyage of thirty-three (33) days, providing lost profits of USD 379,500 (i.e. 26,500 – 15,000 x 33 days).

Page 5 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

21. DRY BULK estimates that based on the remaining days (approximately 200 days) in the charter party agreement before the Vessel was wrongfully withdrawn, at least two (2) additional voyages could have been fixed as follows:

    A. Intra Mediterranean Voyage – 35 days at estimated USD 31,000 hire (based on comparable fixtures at the time). Which would total lost profits of USD 560,000 (i.e. 31,000 – 15,000 x 35 days).

    B. Redelivery Voyage from Black Sea to Bangladesh/Indonesia – 120 days at estimated USD 30,500 (based on comparable fixtures at the time). Which would total lost profits of USD 1,1920,000 (i.e. 30,500 – 14,500 x 120 days).

**As and For A SECOND CAUSE of ACTION AGAINST DEFENDANTS AMIS INTEGRITY S.A. and the M/V AMIS INTEGRITY,** *in rem* **for CONVERSION**

22. Dry Bulk repeats and realleges paragraphs 1-21 of this Verified Complaint as if fully set forth herein.

23. Amis Integrity, S.A. has not returned and/or refunded the hire which was paid in advance and not earned for the use of the vessel through July 23, 2019 thereby converting funds for its own benefit that it was not entitled. Under well-established maritime legal principles, hire payments made in advance create a lien on the Vessel for all monies paid in advance and not earned, which lien can be enforced by the *in rem* arrest of the Vessel.

**As and For A THIRD CAUSE of ACTION AGAINST DEFENDANTS AMIS INTEGRITY S.A. and the M/V AMIS INTEGRITY,** *in rem* **for UNJUST ENRICHMENT**

Page 6 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

24. Dry Bulk repeats and realleges paragraphs 1-23 of this Verified Complaint as if fully set forth herein.

25. At the time of the tortious interference with contract by Amis Integrity, S.A. resulting in the wrongful withdrawal of the vessel, Amis Integrity S.A. knew that the daily spot charter market was rising substantially higher than what it was receiving in daily hire from 24Vision under its charter with 24Vision. Despite knowing that Dry Bulk was in full compliance with its obligations under the 24Vision charter agreement, Amis Integrity knowingly, willfully and wrongfully interfered with the 24Vision/Dry Bulk agreement to take advantage of the rising daily hire market to unjustly enrich itself and deprive Dry Bulk of the opportunity to utilize the Vessel for the remaining period of the charter with 24Vision. The M/V AMIS INTEGRITY was the instrumentality and means for Amis Integrity S.A. to carry out its scheme to unjustly enrich itself thereby creating a maritime lien against the Vessel which can be enforced by the *in rem* arrest of the Vessel.

26. As a result of Amis Intergrity, S.A's and the M/V AMIS INTEGRITY's tortious interference with contract resulting in the wrongful withdrawal of the Vessel from Dry Bulk's service, the conversion of the unearned charter hire and the unjust enrichment of Amis Integrity S.A. and the loss of opportunity for Dry Bulk as a result caused DRY BULK, to incur damages estimated to be no less than **USD 3,760,938**, plus interest and costs.

/ / /

/ / /

/ / /

/ / /

Page 7 -   PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## REQUEST FOR RULE C ARREST AND
## ISSUANCE OF WARRANT OF ARREST

27. DRY BULK restates and re-alleges paragraphs 1-26 of this Verified Complaint and for its *in rem* claims against the Vessel, avers as follows:

28. Despite DRY BULK's full compliance with all obligations under the charter party agreement with 24VISION, Amis Integrity S.A. improperly, willfully and without just cause tortiously interfered with such agreement and withdrew the Vessel from Dry Bulk's service to improperly take advantage of the rising daily hire rates thereby wrongfully depriving Dry Bulk of the use of the Vessel to the end of the period of its charter agreement.

29. In addition, Amis Integrity S.A. and the M/V AMIS INTEGRITY converted and used the pre-paid hire that was not earned, without reimbursement, for the use and benefit of the M/V AMIS INTEGRITY so that it could continue to operate for the unjust enrichment of Amis Integrity S.A.

30. As a result, Plaintiff has a maritime lien on the M/V AMIS INTEGRITY for the tortious interference and wrongful withdrawal of the Vessel from Dry Bulk's service, the unearned hire paid in advance, as well as for the unjust enrichment of Amis Integrity S.A, for which the M/V AMIS INTEGRITY was used as the means and instrumentality for such purpose, and Dry Bulk is entitled to arrest the Vessel in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims to recover its damages as a result of such breach. *See E.A.S.T. v. M/V ALAIA*, 876 F.2d 1168 (5th Cir. 1989) (the ship caused the loss and can be called to the bar to make good on the loss).

Page 8 -    PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

31. Accordingly, DRY BULK seeks to arrest the M/ AMIS INTEGRITY, with IMO 9732412, her engines, freights, apparel, appurtenances, tackle, etc. to enforce its maritime liens.

32. The Vessel is within the District of Oregon in the Columbia River and alongside at the port of Vancouver, WA.

33. As the conditions of Rule C have been met, Plaintiff seeks an Order of Arrest in the amount of no less than **USD 3,760,938.**

34. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for security to be set at one-half (1.5) times the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 5,641,407.00** (*see* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interests, costs, and fees, etc.)).

35. Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 9 -   PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**WHEREFORE PREMISES CONSIDERED,** Plaintiff DRY BULK prays as follows:

A. That Process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against the Defendants, and the Defendant AMIS INTEGRITY be arrested pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and cited to appear and answer the allegations of this Verified Complaint;

B. That this Honorable Court enter an Order of *in rem* arrest for M/V AMIS INTEGRITY pursuant to Supplemental Rule C to enforce Plaintiff's maritime lien;

C. That judgment be entered against the Defendants in the sum of **USD 3,760,938,** plus applicable interest, costs, and fees pled herein;

D. That in the alternative, that Defendant Amis Integrity S.A. be ordered to disgorge and pay to Dry Bulk any and all profits earned as a result of its wrongful conduct set forth in this Verified Complaint, should such profits exceed the amounts sought herein by Dry Bulk.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 10 -   PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

E.  That the Court grant such other and further relief as it deems just, equitable, and proper.

Dated: October 17, 2019

        Respectfully submitted,

        SCHWABE, WILLIAMSON & WYATT, P.C.

By:   *s/David R. Boyajian*
      David R. Boyajian, OSB #112582
      dboyajian@schwabe.com
      Kent Roberts, OSB #801010
      ckroberts@schwabe.com
      Telephone: 503.222.9981
      Facsimile: 503.796.2900

      *Attorneys for Plaintiff*

*Of Counsel*
CHALOS & CO, P.C.
Michael G. Chalos,
*Pro Hac Vice Application Forthcoming*
Briton Sparkman,
*Pro Hac Vice Application Forthcoming*
*Attorneys for Plaintiff*
55 Hamilton Ave.
Oyster Bay, NY 11771
Telephone: (516) 714-4300
Email: michael.chalos@chaloslaw.com
       bsparkman@chaloslaw.com

Page 11 -   PLAINTIFF'S VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900