UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD, <br><br> Plaintiff, <br><br> v. <br><br> Amis Integrity S.A., *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendants. | Case No. 3:19-cv-1671 <br><br> IN ADMIRALTY <br><br> SUPPLEMENTAL DECLARATION OF MICHAEL NOLAN Q.C. IN SUPPORT OF EMERGENCY MOTION TO VACATE ARREST AND FOR ATTORNEYS' FEES, COSTS, AND EXPENSES FOR WRONGFUL ARREST; AND REQUEST FOR EXPEDITED HEARING |

I, MICHAEL NOLAN, Q.C., declares as follows:

1. I am over the age of majority and, except as otherwise indicated, make this declaration on personal knowledge, and am competent to testify regarding the facts contained herein.

2. I am a self-employed Queen's Counsel, practising from Quadrant Chambers,

SUPPLEMENTAL DECLARATION OF M. NOLAN Q.C. - Page 1
[Case No. 3:19-cv-1671]

{29293-00551230;1}

10 Fleet Street, London EC4Y 1AU. I have been in practice as a barrister, specialising in commercial law with a particular emphasis on shipping and commodities, since 1983, having been called to the Bar in 1981. I appear regularly in London arbitrations (especially those conducted under the auspices of the London Maritime Arbitrators' Association of which I am a supporting member) and in the Commercial and Admiralty Courts and the Court of Appeal in London. I also occasionally act as an arbitrator, usually in the field of maritime law.

3. The North of England P& I Association has provided me with a copy of Mr. Dominic John Ward's opinion in this matter, attached as Exhibit B to his declaration. I offer the following advice as to the opinion expressed by Mr. Ward in paragraphs 19 to 21 of Exhibit B.

4. In paragraph 20 Mr Ward says that the effect of clause 23 is that, if there is an arrest of a vessel by a third party, the charterer is required to provide security for the vessel's release. That is correct but it is not the only effect of the clause. As its terms make clear, the effect of the clause is that the charterer will be in breach of charter if it suffers or permits to be continued any lien or encumbrance incurred by it or its agents, which might have priority over the title and interest of the owners in the vessel. It will be liable for any loss or damage suffered as a result of that breach.

5. The issue which arose in The Vestland [1980] 2 Ll. Rep. 171, the case referred to by Mr Ward in paragraph 21 of his opinion, was whether the owners of the vessel were in repudiatory breach of a time charterparty in failing to provide security when the vessel was arrested. The owners argued and the judge held that they were not because, as the arbitrators had found, the liens clause in the charterparty (which was in similar terms to clause 23) *"was intended to ensure that the Charterers do not subject the vessel to an arrest*

SUPPLEMENTAL DECLARATION OF M. NOLAN Q.C. - Page 2
[Case No. 3:19-cv-1671]

{29293-00551230;1}

*for debts or liabilities incurred by them or their agents and to ensure that, if they did so, they would lift the arrest."* It was because of the nature of the question before the court that the decision focused on the giving of security. The question whether the clause imposed any other obligations on the charterer did not therefore arise.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF OREGON AND THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED this 22nd day of October, 2019 at London, United Kingdom.

                                                                       _____
                                                                       MICHAEL NOLAN Q.C.