Markus B.G. Oberg, OSB #112187
Daniel J. Park, OSB #132493
LE GROS BUCHANAN & PAUL
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone:     206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Email: dpark@legros.com
Attorneys for Defendant Amis Integrity S.A.
by restricted appearance

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD, <br><br>Plaintiff, <br><br>v. <br><br>Amis Integrity S.A., *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br>Defendants. | Case No. 3:19-cv-01671-BR <br><br>IN ADMIRALTY <br><br>**ANSWER OF *IN REM* DEFENDANT TO VERIFIED COMPLAINT WITH REQUEST FOR SUPPLEMENTAL ADMIRALTY AND MARITIME RULE C ARREST AND ISSUANCE OF WARRANT OF ARREST; AND COUNTERCLAIM FOR WRONGFUL ARREST** |

Comes now Amis Integrity S.A., (hereafter "Amis" or Defendant), by restricted appearance under Supplemental Admiralty and Maritime Rule E(8), and answers Plaintiff Dry Bulk Singapore Pte Ltd.'s Verified Complaint and defends on behalf of the M/V AMIS INTEGRITY as follows:

DEFENDANT'S ANSWER AND COUNTERCLAIM - Page 1
[Case No. 3:19-cv-01671-BR]

## JURISDICTION AND VENUE

1. Amis denies the factual allegations in Paragraph 1 of the Verified Complaint. The remaining allegations in Paragraph 1 of the Verified Complaint are questions of law for the Court's determination, and no response is required. To the extent a response is required, denied.

2. Answering Paragraph 2 of the Verified Complaint, Amis admits the Vessel was in this District. Amis denies that the Vessel is currently in this District. Amis denies that this Court has *in rem* jurisdiction over the Vessel and that venue is proper in this Court.

## THE PARTIES

3. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Verified Complaint and therefore denies the same.

4. Amis admits it is the owner of the M/V AMIS INTEGRITY. Amis denies the remaining allegations in Paragraph 4 of the Verified Complaint.

5. Answering Paragraph 5 of the Verified Complaint, Amis admits the M/V AMIS INTEGRITY is a bulk carrier built in 2017 with IMO No. 9732412 and that the Vessel was in this District. Amis denies that the vessel is currently in this District, that this Court has *in rem* jurisdiction over the Vessel, and that venue is proper in this Court.

## FACTS

6. Answering Paragraph 6 of the Verified Complaint, Amis admits it is the owner of the M/V AMIS INTEGRITY and that on or about June 30, 2017, it entered into a charter party with 24Vision Chartering Solutions generally based on the "NYPE 93" form of charter party.

7. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Verified Complaint and therefore denies the same.

8. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Verified Complaint and therefore denies the same.

9. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Verified Complaint and therefore denies the same, including subparts A-E.

10. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Verified Complaint and therefore denies the same.

11. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Verified Complaint and therefore denies the same.

12. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Verified Complaint and therefore denies the same.

13. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Verified Complaint and therefore denies the same.

14. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Verified Complaint and therefore denies the same.

15. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Verified Complaint and therefore denies the same.

16. Amis is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Verified Complaint and therefore denies the same.

**FIRST CAUSE FOR TORTIOUS INTERFERENCE WITH CONTRACT**

17. Amis re-alleges and incorporates the preceding paragraphs of this pleading.

18. Amis denies the allegations contained in Paragraph 18 of the Verified Complaint.

19. Amis denies the allegations contained in Paragraph 19 of the Verified Complaint.

20. Amis denies the allegations contained in Paragraph 20 of the Verified Complaint.

21. Amis denies the allegations contained in Paragraph 21 of the Verified Complaint, including subparts A and B thereto.

## SECOND CAUSE FOR CONVERSION

22. Amis re-alleges and incorporates the preceding paragraphs of this pleading.

23. Amis denies the allegations contained in Paragraph 23 of the Verified Complaint, expressly including any inference it received any hire payment from Plaintiff.

## THIRD CAUSE FOR UNJUST ENRICHMENT

24. Amis re-alleges and incorporates the preceding paragraphs of this pleading.

25. Amis denies the allegations contained in Paragraph 25 of the Verified Complaint.

26. Amis denies the allegations contained in Paragraph 26 of the Verified Complaint.

## REQUEST FOR RULE C ARREST AND ISSUANCE OF WARRANT OF ARREST

27. Amis re-alleges and incorporates the preceding paragraphs of this pleading.

28. Amis denies the allegations contained in Paragraph 28 of the Verified Complaint.

29. Amis denies the allegations contained in Paragraph 29 of the Verified Complaint.

30. Amis denies the allegations contained in Paragraph 30 of the Verified Complaint.

31. Amis denies the allegations contained in Paragraph 31 of the Verified Complaint.

32. Answering Paragraph 32 of the Verified Complaint, Amis admits the Vessel was in this District. Amis denies that the vessel is currently in this District.

33. Amis denies the allegations contained in Paragraph 33 of the Verified Complaint.

34. Amis denies the allegations contained in Paragraph 34 of the Verified Complaint.

35. Amis denies the allegations contained in Paragraph 35 of the Verified Complaint, expressly including any inference that Plaintiff has or had at relevant times a maritime lien on the Vessel.

Amis denies Plaintiff's prayer in its entirety. All allegations not specifically admitted herein, are denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims, if any, are against other parties.

3. Plaintiff has failed to join an indispensable party and/or a party needed for just adjudication.

4. Plaintiff has failed to mitigate damages.

5. Plaintiff's claims, if any, are subject to arbitration.

6. Lack of personal jurisdiction.

7. Insufficient process.

8. Insufficient service of process.

Pursuant to Fed. R. Civ. P. 44.1, Defendant gives notice of its intent, and reserves the right to, raise and rely on foreign law to the extent applicable.

Defendant reserves the right to add such additional affirmative defenses as discovery may reveal.

## COUNTERCLAIM

By way of further answer, and for counterclaim against Plaintiff, with reservation of all rights reserved pursuant to Supplemental Admiralty and Maritime Rule E(8), Amis alleges as follows:

### I. WRONGFUL ARREST

1. Amis repeats, re-alleges, and incorporates by reference herein its answers to the Verified Complaint and the preceding paragraphs.

2. The Court has subject matter jurisdiction over this counterclaim for wrongful arrest under 28 U.S.C. §1333(1); the claims asserted against Plaintiff are admiralty and maritime claims within the meaning of Fed. R. Civ. P. 9(h); and venue is proper in this Court as some of the acts, events, and/or conduct at issue occurred in this judicial district.

3. At all relevant times, Amis was the registered owner of the M/V AMIS INTEGRITY.

4. On October 17, 2019, Plaintiff filed a Verified Complaint and *ex parte* request for the Court to issue a warrant for the arrest of the M/V AMIS INTEGRITY to commence this action. Plaintiff alleged a maritime lien against the Vessel based on wrongful withdrawal from a charter party by Amis. Plaintiff further alleged that the allegedly wrongful withdrawal constituted tortious interference with a contract between Plaintiff and third party 24Vision; and that Amis retained advance charter hire payments made by Plaintiff. Plaintiff's allegations were based on unfounded, conclusory statements. On October 17, 2019, the M/V AMIS INTEGRITY was arrested based on Plaintiff's *ex parte* request.

5. Plaintiff did not and does not have a maritime lien against the Vessel and had full knowledge of this fact when it initiated this action and obtained an order for the arrest of the Vessel from this Court. Plaintiff knew that Amis had withdrawn the Vessel from its charter with 24Vision, and knew or should have known that this withdrawal was valid. Plaintiff knew or should have known that the charter party between Amis and 24Vision contained a no-lien clause, precluding any maritime lien against the Vessel by Plaintiff. Plaintiff knew or should have known that Amis never received any charter hire payment and was in no position to return or refund any hire.

6. For the foregoing reasons, Plaintiff's arrest of the M/V AMIS INTEGRITY was done in bad faith, with malice, or gross negligence.

7. At the time of the arrest, the M/V AMIS INTEGRITY was under charter and scheduled to transport grain cargo for a third party.

8. As a result of Plaintiff's wrongful arrest, Amis suffered damages, including but not limited to lost charter hire, extra fuel charges, towage, pilotage, and costs to secure a

surety bond all estimated at $285,000, and attorney fees and costs estimated at $40,000 and continuing to be incurred.

Defendant reserves the right to add such additional counterclaims as discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Verified Complaint and having asserted affirmative defenses and a counterclaim, Amis now prays that:

1. Process of arrest be vacated and Plaintiff's Verified Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

2. Amis be awarded its damages on its counterclaim for wrongful arrest in an amount as proven at trial, and that Plaintiff be required to post counter-security pursuant to Rule E(7) in an amount no less than $325,000 due to the wrongful arrest;

3. Release of the surety bond in the amount not to exceed $2,500,000 deposited in the Court.

4. Amis's costs and reasonable attorney fees be awarded and/or taxed against Plaintiff; and

5. For such other and further relief as the Court deems equitable or just.

DATED this 14th day of November 2019.

LE GROS, BUCHANAN & PAUL

By: *s/ Markus B.G. Oberg*
By: *s/ Daniel J. Park*
   MARKUS B.G. OBERG, OSB #112187
   DANIEL J. PARK, OSB #132493
   4025 Delridge Way SW, Suite 500
   Seattle, Washington  98106-1271

Phone: 206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Email: dpark@legros.com

Attorneys for Defendant Amis Integrity S.A., by restricted appearance

DEFENDANT'S ANSWER AND COUNTERCLAIM - Page 9
[Case No. 3:19-cv-01671-BR]

{29293-00563922;2}

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to The Honorable Anna J. Brown and serve it on all associated counsel.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 14th day of November, 2019.

                                            *s/ Shelley Courter*
                                            Shelley Courter, Legal Assistant
                                            LeGros Buchanan & Paul
                                            4025 Delridge Way SW, Suite 500
                                            Seattle, Washington 98106-1271
                                            Telephone:    206-623-4990
                                            Facsimile:     206-467-4828
                                            E-mail:         scourter@legros.com