**David R. Boyajian**, *Local Counsel*, OSB #112582
Email: dboyajian@schwabe.com
**Kent Roberts**, *Local Counsel*, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Michael G. Chalos**, *admitted Pro Hac Vice*
Email: michael.chalos@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: 516.714.4300
Facsimile: 866.702.4577

*Attorneys for Plaintiff,
Dry Bulk Singapore Pte. Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AMIS INTEGRITY S.A. *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc.*, in rem.*,<br><br>Defendants. | No. 3:19-CV-01671-BR<br><br>**Admiralty**<br><br>**PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY** |

COMES NOW, Plaintiff DRY BULK SINGAPORE PTE. LTD. (hereinafter "DRY BULK" or "Plaintiff"), by and through its undersigned counsel, hereby respectfully submits this

Page 1 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\135224\250826\DBO\26932904.1

Memorandum of Law and Declaration of Michael G. Chalos, Esq. ("Chalos Decl."), in opposition to Defendant AMIS INTEGRITY S.A.'S ("Amis" or "Defendant") Motion for Countersecurity. DE 48. For the reasons more fully set forth below, the factual allegations contained in Plaintiff's Verified Complaint, the papers filed in Opposition to Defendant's Motion to Vacate the Arrest, the supplemental evidence presented herein, and what may be added at oral argument, if same is required, it is respectfully submitted that Defendant's motion should be denied in its entirety.

## PRELIMINARY STATEMENT

Defendant's motion is nothing more than a thinly veiled attempt at a second bite of the apple to challenge the validity of the underlying arrest of the vessel. Dissatisfied with results following the Rule E(4)(f) motion to vacate and hearing where the parties reached a negotiated resolution on security (which required Defendant to post USD 2,500,000 in the form of a surety bond), Defendant now seeks to relitigate the merits of the underlying vessel arrest and maritime lien through the present application for counter-security. This is despite the fact that the Court indicated to the parties on the record that it would have denied the Defendant's Motion to Vacate the Arrest and would have required substitute security to be posted by Defendant had the security issue not been resolved through negotiation. *See Chalos Declaration at paragraphs 10-11.*

Defendant Amis, in its current motion, presents the same self-serving, conclusory "evidence" and arguments previously presented at the E(4)(f) hearing. Namely, that the arrest of the vessel was wrongful and should have been dismissed by the Court. Defendant engages in a tortured legalese semantics dance in an attempt to avoid the consequences of a valid Rule C arrest and the straightforward legal precedent that counter-security is not available for an alleged "wrongful arrest" counter claim, no matter how artfully or cleverly pleaded. The Defendant attempts to couch the current motion for counter-security in terms of some sort of equitable right and remedy that no court has ever found to exist under the circumstances presented here and in other cases similarly situated.

Supplemental Rule E(7) and the cases interpreting same are clear that there is no right to

Page 2 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
OPPOSITION TO DEFENDANT AMIS INTEGRITY
S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

countersecurity for claims which are premised on the theory of 'wrongful arrest,' as the claim is not part of the same transaction and occurrence.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced the present action against the M/V AMIS INTEGRITY *in rem*, to *inter alia*, enforce its maritime lien for various maritime tort claims. *See* DE 1. The Order authorizing the Warrant of Arrest was issued by District Court Judge Michael Simon on October 17, 2019 (See DE Nos: 10-15). The Vessel was arrested on October 17th while loading cargo at a berth in Vancouver, Washington. On October 18th, Defendant Amis entered a restricted appearance and filed an "Emergency Motion to Vacate Arrest And For Attorneys Fees, Costs and Expenses For Wrongful Arrest;…" (DE 18). Plaintiff Dry Bulk opposed the motion (DE 27-31) and oral argument was heard before this Honorable Court on October 23rd.

At the hearing, Defendant presented its arguments to vacate what it called, and continues to self-servingly call, a wrongful arrest, as well as for attorneys' fees, costs and expenses incurred after the arrest. In this regard, Plaintiff presented the Declaration of a Huan Rong Jang, a Wisdom employee, and a London Barrister, Michael Nolan. The Declaration of Mr. Jang contained an after the fact e-mail that purported to show that Amis and its parent, Wisdom Marine Lines S.A. withdrew the vessel from 24Vision in the early morning hours (GMT time) on July 12th (See Jang Declaration and Exhibit 3 thereto. Docket Nos 19 and 19-3). Defendant completely ignored, and continues to ignore, Plaintiff's argument that by operation of maritime law, once charter hire was pre-paid by Dry Bulk through July23rd, a maritime lien was created against the M/V AMIS INTEGRITY and the vessel was bound to Dry Bulk until at least that date, and more likely beyond that date under the factual circumstances of this case. Moreover, the relevant charter parties

---

[1] As the Ninth Circuit Court of Appeals has held, "[t]he arrest of a vessel in admiralty is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff." *Stevens v. F/V Bonnie Doon*, 655 F.2d 206, 209 (9th Cir. 1981) (citations omitted). There is not a right to countersecurity for an alleged wrongful arrest of the vessel.

Page 3 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

contained a provision that gave Dry Bulk a contractual maritime lien for any pre-paid charter hire. See 24Vision/Amis Integrity Head Charter Party, Exhibit 1 to Huan Kong Jang Declaration at Clause 23 (DE 19-1)[2] and 24Vision/Dry Bulk Charter Recap, Exhibit 1 to Verified Complaint (DE 1-2)[3]; *See also E.A.S.T., Inc. of Stamford, Connecticut v. M/V Alaia,* 876 F.2d 1168 (5th Cir. 1989); *The Capitaine Faure,* 10 F.2d 950, 954, 961 (2d Cir. 1926); *Tube Products of India v. S.S. Rio Grande,* 334 F. Supp. 1039, 1041 (S.D.N.Y. 1971); *W. Poor, American Law of Charter Parties and Ocean Bills of Lading* § 10, at 33 (1968). Accordingly, the vessel could not lawfully be withdrawn prior to that date from Dry Bulk's service by either Defendant or 24Vision.

In addition, the objective evidence presented at the hearing indicated that the vessel was, in fact, wrongfully withdrawn by Defendant from the service of 24Vision under the 24Vision/Amis charter party on the afternoon/evening of July 11th, and not on July 12th as argued by Defendant both at the hearing and in its motion for counter security. (see Exhibits 3, 4, and 5A-C to Tsolakis' Declaration in Opposition to Motion to Vacate (DE 31). This fact is further supported by documents recently produced by Defendant in response to Plaintiff's Request for Production of Documents which lay waste to Defendant's argument and position that the vessel was withdrawn sometime on July 12th.[4]

---

[2] **23. Liens**
The Owners shall have a lien upon all cargoes and all sub-freights and/or sub-hire for any amount due 260 under this Charter Party, including general average contributions, ***and the Charterers shall have a lien on the Vessel for all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once.*** (emphasis added)

[3] The 24Vision/Dry Bulk Charter Recap incorporated by reference the terms and conditions of the 24Vision/Amis Integrity charter party, including Clause 23 relating to the creation of a maritime lien against the Vessel for any pre-paid charter hire.

[4] While not particularly relevant to the issues before this Court in respect to Defendant's motion for counter security, the most recent discovery produced by Defendant clearly indicates that vessel was chartered by Defendant to a third party, United Bulk Carriers International ("United bulk Carriers"), on the afternoon of July 11th some 8 hours before the contractual grace period that 24Vision had under the relevant charter party with Defendant to make payment of the charter hire that was due no later than one minute after midnight GMT time on July 12th (see 24Vision/Amis Integrity Head Charter Party, Exhibit 1 to Huan Kong Jang Declaration at Clause 11 (b) and Line 138 (DE 19-1). As such, Defendant anticipatorily breached the 24Vision/Amis charter party by entering into a new charter party in contravention of the existing terms of the 24Vision/Amis charter, thus effectively withdrawing the vessel from

Page 4 -   PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
          OPPOSITION TO DEFENDANT AMIS INTEGRITY
          S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

In any event, the facts presented by Dry Bulk, as further supported by the recent limited production of documents by Defendant, support, and supported at the hearing, the required legal threshold for both a lawful arrest of the vessel on the basis of a maritime lien created by operation of law and the applicable charter parties in this matter, as well as meeting the legal requirements of showing probable cause for the issuance of a warrant for the arrest of the vessel.[5] This Court was therefore correct in indicating that it would have denied the Motion to Vacate the Arrest had the parties not negotiated a security arrangement. The case holdings in this District and elsewhere under similar circumstances, as will be discussed in more detail below, clearly state that if the arrest of the vessel is upheld counter-security is not appropriate as such counter-security does not arise out of the same transaction as the underlying lien claims giving rise to the arrest in the first instance.

## **ARGUMENT**

Countersecurity is not available in a wrongful arrest counterclaim pursuant to Supplemental Rule E(7). Despite Defendant's attempts at circumventing the straightforward application of the rule, every Court which has examined the issue has rejected the arguments

---

24Vision's service prematurely, which, in turn, led to 24Vision withdrawing the vessel from Plaintiff after it had received timely payment from Dry Bulk of the charter hire due and the pre-payment of hire through July 23rd in the early afternoon of July 11th (GMT time). For the sake of brevity in this Opposition Brief, these facts will be discussed in more detail in the accompanying Chalos Declaration.

[5] An *in rem* action may be brought under Rule C of the Supplemental Admiralty Rules against a Defendant Vessel "to enforce <u>any</u> maritime lien." Fed. R. Civ. P., Supp. Admiralty R. C(1)(a). Plaintiff DRY BULK was only required to show "probable cause" for the issuance of the warrant (i.e., that the plaintiff is "reasonably likely to prevail" on the merits of the contested issue) to sustain the arrest. *See, e.g. Monjasa A/S v. M/V Peristil*, 2013 U.S. Dist. LEXIS 82583, *11, 2013 AMC 2832, 2013 WL 2932680 (D. Or. June 12, 2013). A burden which Plaintiff clearly met. As has already been resolved at the prior hearing, to prove a claim for wrongful arrest, the Claimant, Amis, was required to <u>prove</u> that the party seizing the vessel acted in bad faith with malice or with wanton disregard for the rights of his opponent. *Ocean Ship Supply, Ltd. M/V Leah*, 729 F.2d 971, 974 (4th Cir. 1984). Simply disagreeing about the legal merits of the maritime lien claim will not clear that hurdle and as such Defendant's counterclaim is dead on arrival as a matter of law. *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir. 1937) stands for the proposition that the advice of competent counsel, honestly sought and acted upon in good faith is alone ***a complete defense an action for wrongful arrest and detention of a vessel***. *See also Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992). Defendant failed to meet its burden in its Motion to Vacate the Arrest and similarly has failed to do so with the most recent Motion for Counter Security.

Page 5 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

advanced by Amis here. Supplemental Admiralty Rule E(7)(a) states as follows:

> When a person who has given security for damages in the original action asserts a counterclaim *that arises from the transaction or occurrence that is the subject of the original action*, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

*Id.*, (Emphasis added).

Courts throughout the United States have routinely rejected motions for countersecurity on claims for wrongful arrest and wrongful attachment because those claims do not arise out of the same "transaction or occurrence" that give rise to the original underlying maritime claim. Defendant Amis attempts to avoid this fate by arguing that there are distinctions between the present action and the case recently decided by District Judge Hernandez and which was discussed before this Court during the October 23rd, 2019 hearing on Defendant's motion to vacate. In *Swaidan Trading Co., LLC v. M/V DONUSA*, District Judge Hernandez collected and analyzed published decisions which reviewed the issue of whether a wrongful seizure claim arises from the same transaction and occurrence for the purposes of Rule C(7). 2018 U.S. Dist. LEXIS 116821, **6-8 (D. Ore. July 13, 2018).[6] The two (2) cases examined by Judge Hernandez, which were identified as exceptions to the general prohibition against countersecurity for wrongful arrest claims, are of no assistance to Defendant in this matter.

The case of *Norton Lilly Int'l., Inc. v. Kinatsi*, can be disposed of quickly. 2017 U.S. Dist. LEXIS 17496, at *3-4 (E.D. La. Feb. 8, 2017). In that matter, the district court only ordered countersecurity for the alleged costs and damages for claims which arose prior to the district court's issuance of an order of arrest. *Id.* Specifically, the claims were directly related to a dispute concerning port charges and payments between the vessel's owner and agent, Norton Lilly. *Id.*

---

[6] Judge Hernandez denied a motion by Defendant for counter security for expenses incurred after an arrest of a vessel because the expenses did not arise out of the same transaction giving rise to the arrest in the first instance.

Page 6 -   PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
           OPPOSITION TO DEFENDANT AMIS INTEGRITY
           S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

The district court refused to order countersecurity for any of the claim(s) which the vessel owner incurred following the Rule C arrest of the vessel. *Id.* The same result should follow here and the Court should deny AMIS's request for countersecurity.

The case of *State Bank & Trust Co. of Golden Meadow v. Boat "D.J.Griffin"*, is similarly of no assistance to Defendant in this matter. 731 F. Supp. 770, 775 (E.D. La. 1990). In that case, the district court found that there was specific overlap between the underlying claims by the bank and the counterclaims by the operators related to the seizure. *Id.* That was because the underlying claim advanced by the bank was dependent on the existence of a valid promissory note giving rise to a maritime lien and the defendants' allegations that the plaintiff bank knew that the individual who entered into the note had no authority to do so. *Id.*, at 775. Unlike here, the very question of whether there was even a valid contract which gave rise to a maritime lien was inextricably intertwined with the vessel interests' counterclaim and defense. *Id.* Unlike *State Bank*, in the present matter there is no dispute that the relevant charter party agreements are valid maritime contracts and the counterclaim for wrongful arrest is based solely on alleged costs and expenses incurred after the seizure of the vessel. Accordingly, Defendant's motion for countersecurity should be denied in its entirety.

Despite Defendant's artful pleading, Courts have routinely held countersecurity for a wrongful attachment/arrest counterclaim is not required under Rule E(7), because "the wrongful attachment would not have arisen out of the same transaction or occurrence with respect to which the action was originally filed." *Result Shipping Co. v. Ferruzzi Trading USA*, 56 F.3d 394, 402 n.5 (2d Cir. 1995); *see also*, *May Ship Repair Contr. Corp. v. Oil Barge*, 2009 U.S. Dist. LEXIS 75804, *7-9, 2009 AMC 721 (E.D.NY 2009)("Wrongful arrest claims, however, do not arise from the same transaction or occurrence as the claims that initiate such arrests."). The leading case on the issue is *Incas and Monterey Printing and Packaging, Ltd. v. M/V SANG JIN*, 747 F.2d 958 (5th Cir. 1984), in which the court asked "whether a counterclaim for wrongful seizure is an appropriate basis for requiring counter-security to be posted under Admiralty Rule E(7), or its

Page 7 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
OPPOSITION TO DEFENDANT AMIS INTEGRITY
S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

predecessor, former Admiralty Rule 50." *Id*. The Fifth Circuit Court of Appeals determined, "[u]pon examination of the intent of the Rule," that "counter-security should not be ordered for such a claim." *Id*.

The *Incas* Court began its analysis with the plain reading of the Rule: "Under the terms of Rule E(7), counter-security may be required when a counterclaim is asserted which arises 'out of the same transaction or occurrence' as the original libel." *Incas*, 747 F.2d at 964. The discussion that follows clearly resolves the issue:

> This language is identical to that defining compulsory counterclaims under F.R. Civ. P. 13(a). Thus, as Professor Moore has suggested, we can draw guidance on the proper scope of Rule E(7) by examining the test for counterclaims under F.R. Civ. P. 13(a).
>
> Under the broad test for Rule 13(a) . . . a counterclaim is compulsory when there is any "logical relationship" between the claim and the counterclaim. However, even under this liberal standard, it is clear that an action in the nature of wrongful seizure or malicious prosecution does not lie as a compulsory counterclaim under F.R. Civ. P. 13(a).
>
> Such a counterclaim not "arising out of the same transaction or occurrence" as the original action for purposes of federal practice, and there being neither history nor practice in the admiralty suggesting any difference, we see no justification for applying Rule E(7) to a broader class of counterclaims than that permitted under F.R. Civ. P. 13(a). This is especially appropriate in light of the 1966 Unification of Admiralty and Civil Practice. ***We therefore conclude that, whether or not an action for wrongful seizure, abuse of process or malicious prosecution may be asserted as a counterclaim in admiralty practice, counter-security under Rule E(7) may not be required for such a claim.***
>
> This holding is supported by the decisions of the federal courts which have considered this precise question.

*Incas*, 747 F.2d at 964-965 (emphasis added, internal citations omitted).

Simply put, there is no real dispute that Defendant's claim is not entitled to countersecurity: "A party has the right to recover damages for wrongful seizure in admiralty on a showing of bad faith, malice or gross negligence" but "a claim for wrongful seizure does not give rise to a maritime lien requiring security because the damages claimed are not the direct result of the transaction or

Page 8 -    PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
             OPPOSITION TO  DEFENDANT AMIS INTEGRITY
             S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

occurrence that gave rise to the original claim." [7] *Tennyo Maritime v. Norsk Hydro S.S.*, 1994 U.S. Dist. LEXIS 8165, *5, 1994 AMC 2687 (E.D. La. 1994); *see also, Swaidan Trading Co. LLC v. M/V Donousa*, 2018 U.S. Dist. LEXIS 116821 (July 13, 2018). Supplemental Admiralty Rule E(7) itself is both the beginning and the end of this inquiry. Defendant's wrongful arrest counterclaim does not arise out of "the same transaction or occurrence as that is the subject of the original action". Rule E(7). Therefore, counter-security under Rule E(7) is not required to be posted and is unavailable to Defendant AMIS. *Incas*, 747 F.2d 965.

/ / /

---

[7] In its brief, Defendant conflates cases discussing damages resulting from a Court determined wrongful arrest, which is not the case here, with counter-security in a wrongful arrest claim. The same arguments and conclusory allegations regarding a wrongful arrest were raised by Defendant on the Motion to Vacate the Arrest (and for Attorneys' Fees, Costs and Expenses), which motion this Court indicated it would have denied had security for the release of the vessel not been agreed. Defendant has failed in both its prior motion to Vacate the Arrest and this Motion for Counter Security to present any credible evidence that Plaintiff by arresting the vessel acted in bad faith with malice or with wanton disregard for the rights of his opponent. *Ocean Ship Supply, Ltd. M/V Leah*, 729 F.2d 971, 974 (4th Cir. 1984). In fact, the evidence presented by Plaintiff at the hearing to Vacate the Arrest clearly established that Plaintiff acted in good faith, with good cause and legal support to arrest the vessel, including a maritime lien arising out of both applicable maritime law and by contract language in the applicable charter parties. This Court's indication that it would have denied Defendant's motion to Vacate the Arrest should have been understood by the Defendant that the Court did not deem the arrest to be unlawful; yet, Defendant, without basis, persists in ignoring both the law on its wrongful arrest claim and this Court's statement on the issue.

Page 9 -   PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## **CONCLUSION**

WHEREFORE, for the reasons set forth above and what may be added at oral argument, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety, and for such other and further relief as Plaintiff is justly entitled to under the facts and circumstances of this matter.

Dated this 31st day of December 2019

>Respectfully submitted,
>
>CHALOS & CO., P.C.
>
>BY: *s/ Michael G. Chalos*
>   Michael G. Chalos, *admitted Pro Hac Vice*
>   Email: michael.chalos@chaloslaw.com
>   Telephone: 516.714.4300
>   Facsimile: 866.702.4577
>
>
>SCHWABE, WILLIAMSON & WYATT, P.C.
>
>BY:  *s/ David R. Boyajian*
>   David R. Boyajian, *Local Counsel*, OSB #112582
>   dboyajian@schwabe.com
>   Kent Roberts, *Local Counsel*, OSB #801010
>   Email: ckroberts@schwabe.com
>   Telephone: 503.222.9981
>   Facsimile: 503.796.2900
>
>   *Attorneys for Plaintiff, Dry Bulk Singapore Pte. Ltd.,*

Page 10 -  PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
OPPOSITION TO DEFENDANT AMIS INTEGRITY
S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all associated counsel.

          BY:    *s/ David R. Boyajian*
                      David R. Boyajian, OSB #112582

Page 11 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S OPPOSITION TO DEFENDANT AMIS INTEGRITY S.A.'S MOTION FOR COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900