**David R. Boyajian**, *Local Counsel*, OSB #112582
Email: dboyajian@schwabe.com
**Kent Roberts**, *Local Counsel*, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Michael G. Chalos**, *admitted Pro Hac Vice*
Email: michael.chalos@chaloslaw.com
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: 516.714.4300
Facsimile: 866.702.4577

*Attorneys for Plaintiff,*
*Dry Bulk Singapore Pte. Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AMIS INTEGRITY S.A. *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc.*, in rem.*,<br><br>Defendants. | No.  3:19-CV-01671-BR<br><br>**Admiralty**<br><br>**DECLARATION OF MICHAEL G. CHALOS IN OPPOSITION TO MOTION FOR COUNTER SECURITY** |

I, Michael G. Chalos, declare as follows:

1. I am counsel for Plaintiff, DRY BULK SINGAPORE PTE. LTD. (hereinafter "Dry Bulk"

Page 1 -   DECLARATION OF MICHAEL G. CHALOS IN
OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\135224\250826\DBO\26932967.1

or "Plaintiff") in this matter and am admitted to practice before this Honorable Court *pro hac vice.*

2. I am fully familiar with the facts and circumstances set forth herein. I submit this declaration in opposition to Defendant, AMIS INTEGRITY S.A.'s (hereinafter "Defendant" or "Amis") Motion for Countersecurity [DE 48].

3. As outlined in the memorandum of law in Opposition to Defendant's Motion for Counter Security, Defendant is seeking to relitigate issues already resolved before this Court.

4. By way of background, Plaintiff commenced the present action against the M/V AMIS INTEGRITY *in rem*, to *inter alia*, enforce its maritime lien for various maritime tort claims. *See* DE 1. The Order authorizing Warrant of Arrest was issued by District Court Judge Michael Simon on October 17, 2019 (See DE Nos: 10-15). The Vessel was arrested on October 17th while loading cargo at a berth in Vancouver, Washington. On October 18th, Defendant Amis entered a restricted appearance and filed an "Emergency Motion to Vacate Arrest And For Attorneys; Fees, Costs and Expenses for Wrongful Arrest;…." (DE 18). Plaintiff Dry Bulk opposed the motion (DE 27-31) and oral argument was heard before this Honorable Court on October 23rd.

5. At the hearing, Defendant presented its arguments to vacate what it called (and continues to self-servingly call), a wrongful arrest and for fees, costs and expenses related thereto. Plaintiff, in response, presented evidence that by operation of maritime law, once charter hire was pre-paid by Dry Bulk through July23rd, a maritime lien was created and the vessel was bound to Dry Bulk until at least that date, and more likely beyond that date under the factual circumstances of this case. Moreover, the relevant charter parties contained a provision that gave Dry Bulk a contractual maritime lien for any pre-paid charter hire (see accompanying Memorandum in Opposition to Motion for Counter Security at page 4 for citations relevant provisions of the applicable charter parties and case law holdings).

6. As part of its request for relief at the hearing, Defendant, through its counsel, argued that

Page 2 -    DECLARATION OF STAVROS TSOLAKIS IN
             OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

if the Court was inclined to grant security to the Plaintiff in exchange for the release of the vessel, the Court should also consider granting counter-security to Defendant for the attorneys' fees, costs and expenses incurred after the Vessel was arrested.

7. Plaintiff responded by pointing out that the prevailing law on the issue holds that counter-security is not available for post arrest expenses based on a wrongful arrest claim. Specifically, Plaintiff highlighted a recent case out of the District of Oregon *Swaidan Trading Co., LLC v. M/V DONUSA*, 2018 U.S. Dist. LEXIS 116821, **6-8 (D. Ore. July 13, 2018), wherein District Judge Hernandez, following precedent, denied a motion by Defendant for counter security for expenses incurred after an arrest of a vessel because the expenses did not arise out of the same transaction giving rise to the arrest in the first instance. The Court and Defendant's counsel requested a copy of the Judge Hernandez decision which Plaintiff's counsel provided.

8. After hearing from both sides, this Court encouraged the parties to negotiate a security arrangement for the release of the vessel. The parties, through counsel with their authorized corporate representatives present, in a series of back and forth discussions, reached agreement that Defendant would post a Surety Bond in the amount of $2.5 million for the release of the vessel (DE 38).

9. During such discussions, the issue of counter-security for potential counterclaims came up. the undersigned took the position that the prevailing law did not support counter-security for costs and expenses in a wrongful arrest claim. Defendant's counsel stated that he was actually thinking about a potential counterclaim for unpaid bunkers (fuel supplied to the vessel), but was unsure if he had standing to pursue such claim since the bunkers were not paid for by Defendant, and not for costs and expenses associated with the wrongful arrest claim in light of the recent Oregon District Court decision on the issue. Defendant's counsel reserved the right to bring an unspecified counterclaim at a later time, which Plaintiff and counsel understood to be a claim for unpaid bunkers, if Defendant could establish standing

Page 3 - DECLARATION OF STAVROS TSOLAKIS IN OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

to do so.

10. After the negotiations were concluded and an agreement was reached on the security to be posted by Defendant, the parties went back on the record with the Court and recited the agreed terms. There was no discussion or further demand by Defendant for counter-security for costs and expenses incurred after the arrest of the vessel.

11. This Court at that time indicated that had the parties not reached an agreement on security, the Court would have denied Defendant's Motion to Vacate the Arrest and would have required Defendant to post substitute security for the release of the vessel.

12. At the hearing held on October 23rd and its original Motion to Vacate the Arrest, as well as in the most recent Motion for Counter Security, Defendant continues to argue that it lawfully withdrew the vessel under its existing charter party with 24Vision on July 12, 2019, thereby precluding the arrest of the vessel by Dry Bulk.

13. While this argument is, for the most part, irrelevant to the Motion for Counter Security, Defendant's position ignores the fact that Dry Bulk possessed a valid maritime lien against the M/V AMIS INTEGRITY both by operation of law when it pre-paid the hire through July 23rd as well as by contract, in that, the relevant charter parties granted a lien to Dry Bulk against the vessel itself for any pre-paid freight irrespective of when the vessel was withdrawn from 24Vision, or whether it was rightfully or wrongly withdrawn. *See* Exhibit 1 to Huan Kong Jan Declaration in Support of Motion to Vacate Arrest (DE 19-1) at Clause 23.

14. The argument further ignores the fact that this Court encouraged the parties to reach agreement on the security to be posted for the release of the vessel, and told the parties that it would have denied Defendant's Motion to Vacate the Arrest had the parties not reached an agreement on the security to be posted.

15. Furthermore, in addition to the evidence submitted by Plaintiff in its opposition to the Motion to Vacate the Arrest which demonstrated reasonable grounds for the arrest on the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

basis that the vessel was unlawfully withdrawn by Defendant from 24Vision on July 11th (and not on July 12th as claimed by Defendant), (*See* Tsolakis Declaration dated October 21, 2019 filed in Opposition to the Motion to Vacate the Arrest (DE 31), attached hereto as Exhibit 1), recent discovery produced by the Defendant to date in response to Plaintiff's Request for Production of Documents clearly shows that the withdrawal of the vessel from the 24Vision time charter took place on the afternoon of July 11th (GMT time) and, as such, was improper, unlawful, and further supports Plaintiff's claim for tortious interference with contract, as alleged by Plaintiff in its Verified Complaint (DE 1).

16. For the Court's reference and for context regarding the date of vessel withdrawal issue, attached hereto are the relevant internal e-mails recently produced by the Defendant which further support Plaintiff's position that the vessel was unlawfully withdrawn from 24Vision on July 11th, which, in turn, led to the unlawful withdrawal of the vessel from Dry Bulk's service after it had timely paid on July 11th the hire due and pre-paid hire through July 23rd

    a. Copies of the internal e-mails exchanged by employees of Wisdom and with Wisdom's/Amis' exclusive broker Thomas Rolin of RBS dated July 8, 2019 are attached hereto as *Exhibit 2*.

    b. Copies of the e-mails exchanged between Wisdom and Mr. Rolin dated July 10 and July 11, 2019 are attached hereto as *Exhibit 3*.

    c. A copy of the e-mail exchanged internally at Wisdom dated July 12, 2019 confirming the new charter party with United Bulk is attached hereto as *Exhibit 4*.

17. By way of explanation of each of the above e-mails, the e-mail of July 8th (*Exhibit 2*) indicates that negotiations to charter the vessel to third parties started on July 8, 2019, three or more days before Amis would have been entitled to withdraw the vessel under its charter party with 24Vision.

18. The next e-mails produced by AMIS was an internal exchange dated July 11th at 8:29 am Taiwan time attaching an e-mail from Thomas Rolin dated 8:24 pm on July 10th (*Exhibit*

Page 5 -    DECLARATION OF STAVROS TSOLAKIS IN
            OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*3)* advising that he had negotiated a better charter rate with United Bulk Carriers, which company was prepared to take the vessel from Brazil where Dry Bulk had previously ordered and paid for the vessel to be positioned.

19. The most critical document produced by Defendant is an internal e-mail dated July 12th at 09:29 am Taiwan time (01:29 am GMT time, as GMT is 8 hours behind Taiwan time) just about at the opening of the Taiwan business day recapping the deal that had been concluded by Defendant with United Bulk the day before (July 11th). (*Exhibit. 4*).[1]

20. At the time the main terms were agreed on July 11th, there was nothing further required from the Defendant to conclude the charter agreement. Defendant was irrevocably bound to the terms and conditions set forth in the e-mail. The e-mail indicates the only ministerial item remaining was for United Bulk to reconfirm the main terms by 11 pm Taiwan time (2300 hours) on July 12th (or 4 pm GMT time, July 12th). The e-mail clearly states at paragraph 16 of the main terms: "16. SUB CHTRS' RECFM BY 2300HRS TAIPEI TIME **TOMORROW**, 12TH JULY." (Exh. 4 at AMIS 0046).

21. Accordingly, based on Defendant's internal communications and industry practice (*see* the accompanying Tsolakis Declaration in Opposition to Motion for Counter Security), the vessel was irrevocably chartered to United Bulk Carriers at about 4 pm GMT time on July 11th, some 8 hours before Defendant could have arguably withdrawn the vessel under the 24Vision/Amis charter party; thus, anticipatorily breaching that charter and tortiously

---

1. It should be noted that Defendant, other than the internal e-mail setting forth the main terms of the charter with United Bulk Carriers, has failed to produce any e-mail correspondence between itself and United Bulk Carriers and/or its brokers regarding the negotiations for the charter agreement which was concluded on July 11th. Moreover, other than one or two innocuous e-mails from Defendant's exclusive broker Thomas Rolin at the start of the negotiations with United Bulk on July 10th, Defendant has failed to produce any e-mail exchanges between itself and Rolin leading up to the conclusion and agreement of the main terms on July 11th. In fact, there is no indication in the documentation produced as to who negotiated the terms of the charter with United Bulk and where the information relating to the main terms set forth in Exhibit 4 originated. Logic suggests that one does not go from commencing discussions for a financially substantial charter to finally agreeing on main terms without a number of exchanges of correspondence in between. The failure to produce those documents is telling and the documentation, if produced, would most likely not support Defendant's self-serving position that the vessel was lawfully withdrawn from 24Vision on July 12th.

Page 6 - DECLARATION OF STAVROS TSOLAKIS IN OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

interfering with Dry Bulk's charter with 24Vision, for which Dry Bulk had paid hire in advance through July 23rd.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF OREGON AND THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated this 31st day of December 2019

                                BY: *s/ Michael G. Chalos*
                                      Michael G. Chalos, *admitted Pro Hac Vice*
                                      Chalos & Co., P.C.
                                      Email: michael.chalos@chaloslaw.com
                                      Telephone: 516.714.4300
                                      Facsimile: 866.702.4577

                                      *Attorneys for Plaintiff Dry Bulk Singapore Pte. Ltd*

Page 7 - DECLARATION OF STAVROS TSOLAKIS IN OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all associated counsel.

BY: *s/ David R. Boyajian*
David R. Boyajian, OSB #112582

Page 8 -  DECLARATION OF STAVROS TSOLAKIS IN
OPPOSITION TO MOTION FOR COUNTER SECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900