**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
**Kent Roberts**, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Michael G. Chalos, *admitted PHV*
Email: michael.chalos@chaloslaw.com
CHALOS & CO, P.C.

> *Attorneys for Plaintiff,*
> *Dry Bulk Singapore Pte. Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AMIS INTEGRITY S.A. *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc.*, in rem.*, <br><br> Defendants. | No.  **3:19-CV-01671-BR** <br><br> **Admiralty** <br><br><br> **PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S MOTION FOR STAY AND TO MODIFY ORDER EXTENDING TIME TO POST COUNTERSECURITY** |

## <u>LR 7-1 CERTIFICATE</u>

In compliance with Local Rule 7-1, the parties made a good faith effort through telephone

conference and then email to discuss whether the Plaintiff's Motion for Stay and to Modify Order

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Extending Time to Post Countersecurity would be unopposed by Defendants.  Despite the good faith efforts of counsel, the parties have not been able to resolve this dispute and this motion now follows.

## MOTION

**COMES NOW**, Plaintiff Dry Bulk Singapore PTE. LTD. (hereinafter "Plaintiff" or "Dry Bulk"), by and through undersigned counsel respectfully submits this Motion for Stay and to Modify Order Extending Time to Post Countersecurity its Amended Verified Complaint in pursuant to Fed. R. Civ. P. 6(b)(1)(A), LR 7, LR 16, and this Court's inherent equitable authority sitting in admiralty.  In support thereof, Plaintiff would respectfully show as follows.

## PROCEDURAL BACKGROUND

Plaintiff filed its Verified Complaint in this action on October 17, 2019 naming as Defendants Amis Integrity S.A. *in personam,* and M/V AMIS INTEGRITY *in rem* (hereinafter "the Vessel") (Dkt.1).  Following arrest of the M/V AMIS INTEGRITY, motion filings, and a hearing on October 23, 2019, a surety bond in the amount of Two Million Five Hundred Thousand ($2,500,000) Dollars to stand as substitute *res* for Plaintiff's claims was posted by Defendant. (Dkt. 40.1). Upon the posting of the surety bond, the Vessel was released by the Order of this Honorable Court (Dkt. 41).  On December 18, 2019, this Honorable Court issued a Case Management schedule in the matter. Fact discovery is due to be completed by April 30, 2020. (Dkt. 50).

Following Defendant's Motion for Counter Security, this Honorable Court issued an Order on February 11, 2020 granting the Motion and directing Plaintiff to post security in the amount of $350,000 no later than March 12, 2020. (Dkt. 60).  Plaintiff has utilized best efforts and attempted in good faith to secure the funding to post the counter security ordered by the Court within the thirty (30) day deadline, but, for the reasons more fully set forth herein and in the accompanying Declaration of Stavros Tsolakis, will not be able to do so by that date.  Plaintiff's efforts are fully

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

set forth in the declaration of Mr. Stavros Tsolakis filed contemporaneously herewith.

## FACTUAL BACKGROUND

Plaintiff is a small company, with only two (2) employees organized and existing under the laws of Singapore. Tsolakis Decl., at ¶ 3.   Plaintiff's business primarily consists of sub-chartering vessels from charterers and other disponent owners to carry cargoes to and from various destinations world-wide. *Id*., at ¶ 4.   Dry Bulk's revenue is derived from the difference in what it charges third parties to transport the cargo and what it pays for the use of vessel under sub-charter agreements. *Id*.   As a result of the wrongful withdrawal of the M/V AMIS INTEGRITY and resulting tortious interference by Defendants, Dry Bulk has suffered significant losses in revenue, reputation, and good will in the industry.  *Id*., at ¶¶ 5-15; *see also* Verified Complaint Dkt. 1.  Dry Bulk has used prior savings to continue to finance operations, but has been unable to generate reliable income as a result of fall-out from Defendants' actions.  Tsolakis Decl., at ¶ 16. Simply put, Plaintiff has experienced significant financial difficulties as a direct result of Defendants' actions which form the basis of this suit and has had to look to outside, third-party sources, for funding and financing of the litigation.  *Id.*, at ¶ 17.

Since the receipt of the Court's Order directing Plaintiff to post counter security, Dry Bulk immediately took steps to attempt to provide adequate substitute security.  *Id*., at ¶¶ 18-20. International Sureties,[1] *i.e*. the company through which Defendants posted the vessel release bond, is not an option because the bond would require collateralized counter security to be provided to the surety in the form of: a) a cash deposit on a dollar-for-dollar basis; b) a strong corporate balance sheet; or c) a counter security letter from a P&I (Protection & Indemnity) Underwriter.  *Id*., at ¶¶ 19-20.  None of the options are available for Plaintiff here and International Sureties is not able to

---

[1] International Sureties is the largest non-contract surety bond office in the United States and has been in the business of issuing surety bonds since 1972. The company regularly supplies surety bonds for foreign shipping companies seeking to release vessels from arrests/attachment in the United States. *See* http://www.internationalsureties.com/. Last accessed March 6, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

post a counter security bond for Plaintiff. *Id.*, at ¶ 21. In an attempt to find alternative sources of funding for the counter security bond, Plaintiff has inquired with two (2) dozen professional litigation funding companies around the world. *Id.*, at ¶¶ 22-23. There are potentially five (5) viable companies which are interested in funding the litigation including the obligation to post the counter security bond. *Id.*, at ¶¶ 23-26. However, to complete the necessary due diligence and fund the collateral for the issuance of a bond, additional time is necessary. *Id.*, at ¶¶ 27-28. Accordingly, Plaintiff respectfully requests an extension of the date for posting counter security and an amendment of the Court's Order from March 12, 2020 to April 30, 2020 to allow Dry Bulk to make appropriate arrangements to source and fund the counter security ordered by the Court. *Id.*, at ¶¶ 28-30.

## **ARGUMENT**

The district court has the inherent authority to control its docket and to modify or extend deadlines. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). As part of that inherent authority, is the district court's discretion to grant an extension of time. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Pursuant to Local Rule 16-3, a party my request to modify or extend court-imposed deadline by a showing of good cause, "effective use of prior time," a proposed deadline, and any impact on exiting "deadlines, settings, or schedules." Local Rule 16-3[2]; *See also* Fed. R. Civ. P. 6(b)(1)(A) (permitting extensions of time upon a showing of good cause). The primary factor in determining good cause is whether a party has shown diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). It is respectfully submitted that Plaintiff has demonstrated diligence and a good faith effort to comply with the Court's deadline for ordering the posting of counter security. *See* Tsolakis Decl.

---

[2] Federal Rule of Civil Procedure Rule 16 grants district courts the power to police their own dockets, including the imposition and modification of deadlines. *See* FRCP 16; *see also Johnson v. Mammoth Recreations,* 975 F.2d 604, 608 (9th Cir. 1992) (confirming that the trial court's case management schedule may be modified by the court prior to the final pretrial conference upon a showing of good cause)(citing Fed. R. Civ. P. Rule 16(b)(4)).

Page 4 -    PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
            MOTION FOR STAY AND TO MODIFY ORDER
            EXTENDING TIME TO POST COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

The pending motion is not for the purposes of delay, but sought in good faith and timely brought before the expiration of the current deadline.

### A.    Request for Stay Pending Resolution of Motion

Plaintiff respectfully requests that the Court exercise its inherent power to control its own docket and enter a stay of the Order to Post Counter Security until resolution of the pending motion for extension of time. *Xenon Pictures, Inc.*, *supra*. The Court's Order was issued approximately twenty-four (24) days ago and the deadline has not yet passed. (Dkt. 60). Plaintiff has been diligent in attempting to source funding for the counter security ordered to be posted, but has not yet been able to do so. Tsolakis Decl., *supra*. A requirement for obtaining a modification or extension of time is to demonstrate diligence by the party seeking the extension, which itself takes time. *Id*. Accordingly, Plaintiff has brought this motion only as a last resort due to an inability to post the counter security by the March 12, 2020 deadline. Plaintiff respectfully requests that this Honorable Court stay the Order until the motion has been fully considered and ruled upon by the Court. Plaintiff further submits that this Court has the authority to issue an expedited briefing schedule (as was done recently with Plaintiff's Motion for Leave to Amend Complaint), to resolve this matter.

### B.    Request to Modify Order and Extend Deadline to Post Counter Security

As set forth in detail in the declaration of Stavros Tsolakis, Plaintiff is unable to post counter security within the March 12, 2020 deadline imposed by the Court. *See* Tsolakis Declaration ¶¶ 1-30. As such, Plaintiff seeks a modest extension of time to post the counter security to April 30, 2020 in order to obtain the third-party sourcing of funding for the counter security ordered by the Court. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 2010 U.S. Dist. LEXIS 137507, Case No. 09-cv-3312 at * 17 (E.D.N.Y. Dec. 30, 2010) (granting defendants an extension of time to post $800,000 where Defendant was waiting on accounts receivable to be able to fund same). Plaintiff has no ability to post the counter security on or before March 12, 2020 and is not able to obtain a surety bond or other form of substitute security within the current deadline set by

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the Court. Tsolakis Decl., at ¶¶ 18-30.

Other courts in this District have regularly granted requests for extensions of time at various stages of litigation upon a showing of good cause and the exercise of diligence. *See Peterson v. Mickles*, Case No. 3:17-cv-01702, 2020 U.S. Dist. LEXIS 6100, at*6-8 (Jan. 14, 2020) (extending plaintiff's time to file untimely declaration to plaintiff's cross-motion for summary judgment and noting that there is a "strong policy of resolving issues on their merits"); *Bogle v. Clackamas Cnty.*, Case No. 3:15-cv-00013, 2016 U.S. Dist. LEXIS 71166, at * 13 (D. Or. June 1, 2016) (granting plaintiff's motion to filed second amended complaint and to extend discovery deadlines); *Story v. Midland Funding LLC*, Case No. 3:15-cv-0194, 2016 U.S. Dist. LEXIS 139781, at *13 (D. Or. Oct. 7, 2016) (granting plaintiff's request for an extension of time for leave to file an amended complaint). Accordingly, it is respectfully submitted that good cause has been demonstrated for the extension of time sought herein.

## C.    The Extension will Not Prejudice Defendants

Defendant's application for counter security was premised solely on the argument that it was entitled to security for its counterclaim for wrongful arrest. *See* Dkt. 48. That counterclaim remains pending before this Court. The extension of time to post countersecurity will not cause undue delay to the resolution of the substantive merits of the case or discovery in this action, all of which remains ongoing through April 30, 2020.

## D.    Rule E(7) Counsels in Favor of Granting the Extension

While the Court has exercised its discretion to require counter security pursuant to Rule E(7) in this case, it is respectfully submitted that the "purpose of Rule E(7) is … not to inhibit the plaintiff's prosecution of its suit as a maritime lienholder." *Expert Diesel, Inc. v. The Yacht "Fishin' Fool"*, 627 F.Supp. 432, 433 (S.D.Fla.1986); *see also Carriers v. Am. Metals Trading*, 742 F.Supp.2d 486 (S.D.N.Y., 2010) (citing *Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F.3d 394, 399 (2d Cir.1995). ([Rule E(7)a] is not intended to impose costs that might prevent a plaintiff from bringing suit.); *Midland Funding LLC*, 2016 U.S. Dist. LEXIS 139781, at *13

Page 6 -    PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
MOTION FOR STAY AND TO MODIFY ORDER
EXTENDING TIME TO POST COUNTERSECURITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

(noting that there is a "strong policy of resolving issues on their merits"). Plaintiff has no ability to post counter security by March 12, 2020, however, admiralty courts which have reviewed this issue have made clear that even where counter security is ordered, it should not be permitted to be used by the Defendant as a bludgeon to Plaintiff's proper lien claim on the merits. Accordingly, it is respectfully submitted that Plaintiff has demonstrated good cause for the extension, there is no prejudice to Defendants, this Court can and should exercise its inherent authority to modify the Order and extend the deadline to post counter security to April 30, 2020.

### E.        This Court Should Exercise its Equitable Authority to Extend the Deadline

The Supreme Court has recognized, "equity is no stranger in admiralty; admiralty courts are, indeed, authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962); *see also Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005); *Lewis v. S. S. Baune*, 534 F.2d 1115, 1120 (5th Cir. 1976). In *Swift & Co.*, the Supreme Court stated that it "find[s] no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when that relief is subsidiary to issues wholly within admiralty jurisdiction." *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 691-692 (1950). This equity principle was also articulated in *Greenwich Marine, Inc. v. S.S. Alexandria*, 339 F.2d 901, 905 (2d Cir. 1965) ("[t]he inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district court sitting as an admiralty judge, and not to the circuit judges sitting in review.");*The LAKE PACHUTA,* 56 F.2d 627, 629 (S.D.N.Y 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932) ("courts of admiralty act as courts of equity and according to what is just and right."). It is respectfully submitted that Plaintiff has demonstrated its good faith efforts and diligence to comply with the Court's Order, but will not be able to comply with the March 12, 2020 deadline. Accordingly, Plaintiff requests that this Court exercise its equitable authority as a Court sitting in Admiralty to extend the deadline to April 30, 2020 to post counter security.

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

WHEREFORE, for the reasons more fully stated above, Plaintiff respectfully requests that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 6(b)(1)(A), LR 7, LR 16, and this Court's inherent equitable authority sitting in admiralty, granting Dry Bulk Singapore PTE. LTD.'s Motion for Motion for Stay and to Modify Order Extending Time to Post Countersecurity to April 30, 2020, and for such other and just relief as Plaintiff may be entitled to.

DATED:          March 6, 2020                    Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:      *s/David R. Boyajian*
         David R. Boyajian, OSB #112582
         dboyajian@schwabe.com
         Kent Roberts, OSB #801010
         ckroberts@schwabe.com
         1211 SW 5th Ave., Suite 1900
         Portland, OR 97204
         Telephone: 503.222.9981
         Facsimile: 503.796.2900

CHALOS & CO, P.C.

By:      *s/ Michael G. Chalos*
         Michael G. Chalos, admitted *PHV*
         Email: michael.chalos@chaloslaw.com
         CHALOS & CO, P.C.
         55 Hamilton Ave.
         Oyster Bay, NY 11771
         Telephone: 516.584.2062
         Facsimile: 516.750. 9051

         *Attorneys for Plaintiff,*
         *Dry Bulk Singapore PTE. LTD.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2020, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all associated

counsel.


BY:    *s/ David R. Boyajian*
David R. Boyajian, OSB #112582

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\135224\250826\DBO\27479529.1