Markus B.G. Oberg, OSB #112187
Daniel J. Park, OSB #132493
LE GROS BUCHANAN & PAUL
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone:     206-623-4990
Facsimile: 206-467-4828
Email:  moberg@legros.com
Email:  dpark@legros.com
Attorneys for Defendant Amis Integrity S.A.
by restricted appearance

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD, <br><br> Plaintiff, <br><br> v. <br><br> Amis Integrity S.A., *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendants. | Case No. 3:19-cv-01671-BR <br><br> IN ADMIRALTY <br><br> RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR STAY AND MODIFIED ORDER EXTENDING TIME TO POST COUNTER SECURITY |

## I. INTRODUCTION

Amis Integrity S.A., by restricted appearance under Supplemental Admiralty Rule E(8), respectfully submits the following response in opposition to Plaintiff's Motion for Stay and to Modify Order Extending Time to Post Countersecurity.

The issue of Plaintiff's ability to post countersecurity has already been litigated, and Plaintiff's motion should be denied. As explained in Defendant's Motion for Counter Security (Dkt. #48), counter security is necessary to place the parties on equal footing. Defendant was required to post collateral for a bond in the amount of $2,500,000 within days (Dkt. 40-1); it was and remains equitable to require similar assurances from Plaintiff (albeit in the far lesser amount ordered by the Court) to protect Defendant's ability to recovery on its counterclaim. Significantly, the burden was on Plaintiff to show good cause for relief from such obligation. Plaintiff made no attempt at a good cause showing as to why it should be relieved of the requirement to provide counter security. Plaintiff presented no evidence that counter security would either prevent it from pursuing this litigation, or that it cannot afford to provide counter security. Dkt. 57, p. 2. Moreover, the Court granted Plaintiff a generous 30 days to post security.

Aside from being untimely, the self-serving declaration now submitted does not provide good cause for an extension (much less establishes extraordinary circumstances). It is clear from the declaration that Plaintiff, when it suits, can invest $950,000 (Dkt. 69, ¶7), commit to making regular charter hire payments in the amount of $217,000 (*Id*., ¶9), and has funds to continue its operations elsewhere (*Id*., ¶16), but will make every effort to avoid its fundamental legal obligations here to post security in order to pursue this litigation consistent with Supplemental Admiralty Rule E(7)(a). Indeed, there is no evidence submitted that Plaintiff has been rejected by any surety, only conjecture and speculation.

In the absence of counter security, Defendant is forced to defend and engage in discovery without the assurances contemplated by Rule E(7) and thus prejudiced.

## II. DISCUSSION

### A.   Plaintiff Has Failed to Show Extraordinary Circumstances or Good Cause

The Order at issue is not a scheduling order subject to Rule 16, but a final order on the issue of counter security subject to an "extraordinary circumstances" showing under Rule 60(b).  *See*, Fed. R. Civ. P. 60(b)(6) (court may relieve a party from a final order for any reason that justifies relief); *e.g., Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 863-64, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) ("extraordinary circumstances" required).  As outlined below, Plaintiff has not met this burden.

To the extent the Court is inclined to apply the good cause standard under Rule 6(b)(1), Plaintiff's self-serving declaration does not satisfy the good cause standard.  The declaration does not support a finding of present inability to post security; rather, the declaration establishes that Plaintiff is choosing to direct its funds elsewhere rather than commit security to this matter as ordered by the Court.  It is clear from the declaration that this Plaintiff, when it suits, can invest $950,000, Dkt. 69, ¶7, commit to making regular charter hire payments in the amount of $217,000, *id*., ¶9, and has funds to continue its operations elsewhere.  *Id*., ¶16.

The declaration also does not support a finding that Plaintiff has been diligent in attempting to post the security as ordered.  There is no evidence submitted that Plaintiff has been rejected by any surety.  There is only conjecture and speculation.[1]  The declaration states only: "<u>I am informed</u> that the general practice of International Sureties is to require some form of counter-security before issuing a surety bond." Dkt. 69, ¶20 (*emphasis added*).

---

[1] "The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." *In re Roman Catholic Archbishop of Portland in Or*., 2009 Bankr. LEXIS 1906, *12 Fn. 4 (*citing*, 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2035 at 484 (1994)).

It would have been a simple matter to provide an email response or some other proof of rejection from this surety to show that an attempt to obtain security was made.

Likewise, there is no objective evidence that Plaintiff contacted another potential funding source. For example, Plaintiff claims to be in contact with "Company A," but withholds the identity of Company A and does not provide a copy of the "term sheet." *See*, Dkt. 69, ¶26(a). It would have been a simple matter to provide some concrete proof of the ongoing negotiations for funding—the funding source would presumably become public knowledge eventually. Such transparency would afford some assurance to the Court that any extension would actually "secure the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.

Funding operations in other countries rather than complying with a court order in Oregon is a choice and does not amount to good cause for an extension of time.

### III. **CONCLUSION**

Security and counter security are fundamental to arrest actions. The policy goal is to place the parties on an equal footing and to ensure that either will be able to recover in the event it prevails. Plaintiff failed to make any good cause showing during the relevant motion practice on counter security; the new and untimely declaration is based solely on conclusory statements and speculation and does not support a good cause finding. The declaration shows instead that Plaintiff is choosing to direct finds elsewhere, leaving Defendant to defend without the security contemplated by Rule E(7). Plaintiff's motion should be denied.

///

///

///

DATED this 10th day of March, 2020.

          LE GROS, BUCHANAN & PAUL

          By: *s/ Markus B.G. Oberg*
              MARKUS B.G. OBERG, OSB #112187
              4025 Delridge Way SW, Suite 500
              Seattle, Washington  98106-1271
              Phone: 206-623-4990
              Facsimile: 206-467-4828
              Email:  moberg@legros.com
              Attorneys for Defendant Amis Integrity, S.A.,
              by restricted appearance

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it does not exceed 11,000 words, or in the alternative, 35 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

RESPONSE IN OPPOSITION TO MOTION FOR STAY
AND EXTENSION OF TIME – Page 6
[Case No. 3:19-cv-01671-BR]

{29293-00591161;1}

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to The Honorable Anna J. Brown and serve it on all associated counsel.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 10th day of March, 2020.

*s/ Shelley Courter*
Shelley Courter, Legal Assistant
LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Telephone: 206-623-4990
Facsimile: 206-467-4828
E-mail: scourter@legros.com