Markus B.G. Oberg, OSB #112187
Daniel J. Park, OSB #132493
LE GROS BUCHANAN & PAUL
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone:     206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Email: dpark@legros.com
Attorneys for Movant Amis Integrity S.A.
by restricted appearance

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD, <br><br> Plaintiff, <br><br> v. <br><br> Amis Integrity S.A., *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendants. | Case No. 3:19-cv-01671-BR <br><br> IN ADMIRALTY <br><br> **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

## I. INTRODUCTION

Plaintiff Dry Bulk Singapore Pte. Ltd. moves to amend the Complaint to add Wisdom Marine Lines S.A. ("Wisdom") as a party. However, such amendment would be futile. The record establishes that the withdrawal at issue was made at the Vessel Owner's instruction and on behalf of the Vessel Owner (Amis Integrity S.A.). The fact that the Owner was acting through its manager does not make that manager a necessary party. Moreover, this Court lacks personal jurisdiction over Wisdom. Wisdom does not have the requisite minimum

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 1
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

contacts with Oregon. The courts distinguish between specific and general jurisdiction. The former requires that Plaintiff's claims arise out of the Defendant's forum-related activities; however, there is no dispute that Plaintiff's claims do not arise out of any activity related to the State of Oregon. An exercise of general jurisdiction over a foreign corporation is appropriate "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). Wisdom has no contacts with Oregon and by no stretch of the imagination can it be found to be "at home" here.

## II. FACTS

### A. Wisdom Not a Necessary Party

As a preliminary matter, as with Amis Integrity S.A., there is no contractual relationship between Plaintiff and Wisdom. Wisdom is the parent company of Amis Integrity S.A. and acted as manager of the M/V AMIS INTEGRITY for purposes of the charter party with 24Vision Chartering Solutions DMCC ("24Vision"). Ex. 1 to *Declaration of Markus Oberg* (hereafter "*Oberg Decl.*"), (Interrogatory No. 1); *see also*, Dkt. 19-1, p. 1. In its capacity as manager, Wisdom directed the withdrawal at issue in this matter; however, as the record makes clear, the withdrawal was made on behalf of Owners. *E.g.*, Dkt. 19-3 ("…Owners hereby exercise their right under clause 11(a) of the Charterparty to withdraw the vessel from Charterers' service.") Indeed, the persons who issued the notices are employees of a different corporation, Wisdom Marine Lines Co., Ltd. Ex. 1 to *Oberg Decl*. (Interrogatory No. 3). There was no action taken on behalf of Wisdom.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 2
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

### B. Wisdom's Lack of Contacts with Oregon

There is no dispute that Wisdom is a foreign corporation. Dkt. 62-1 (Amended Verified Complaint), ¶5. Wisdom is in fact a Panamanian corporation with its registered office at Paseo del Mar and Pacific Avenues, Costa del Este, MMG Tower, 23rd Floor, Panama City, Republic of Panama, with offices in Taipei, Taiwan. *Declaration of Bruce Hsueh* (hereafter "*Hsueh Decl.*"), ¶3. Wisdom does <u>not</u> conduct business in the State of Oregon. *Id.*, ¶4. Wisdom is not licensed to do business in Oregon; has no offices, property, employees, or shareholders in Oregon; has never advertised in Oregon; and has not sold products or services in Oregon. *Id.* Wisdom does not even have an agent or office anywhere else in the U.S. *Id.*[1]

Neither the vessel or its crew have a local flavor: The M/V AMIS INTEGRITY is a Panamanian flagged vessel, and its Owners typically employ Chinese and Taiwanese crew through manning agencies. *Id.*, ¶¶6-7; *see also*, Dkt. 1-2 (Flag: Panama).

Moreover, when the withdrawal occurred, the Vessel was en route to South America, having last called at Cape Town, South Africa. *Hsueh Decl.*, ¶10.

### C. The Charterers Control and Direct the Vessel

Amis Integrity S.A. chartered the Vessel to 24Vision, based in Dubai, United Arab Emirates on/about June 30, 2017 (hereafter the "Charter Party") and placed the vessel at Charterer's disposal on/about July 14, 2017. Dkt. 19-1, p. 1; *Hsueh Decl.*, ¶8. Under the Charter Party, the Master was under the orders and directions of the Charterers, Dkt. 19-1, ¶8(a), and the Charterer directed the movement of the Vessel. *Id.*, ¶15.

---

[1] (The same is true of Amis Integrity S.A. and Wisdom Marine Lines Co., Ltd.)

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 3
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

The foregoing arrangement pertaining to Vessel control and direction is accurate with regard to subsequent charters as well, including the charter during which the Vessel was arrested. *Hsueh Decl.*, ¶¶8-9. After delivery, the charterer directs the Master and the Vessel's movement. *See e.g.*, *Amoco*, 1 F.3 at 850.

Notably, there is no dispute that English law governs, or that both charter parties at issue called for dispute resolution by arbitration in London, England. The Charter Party expressly provides: "The terms of this Charter Party shall be governed by English law," and states that all "disputes shall be referred to arbitration in London." Dkt. 19-1, ¶45. Indeed, Plaintiff asserted in its Opposition to Motion to Vacate that English law governs, Dkt. 27, p. 3 ("…in violation of applicable English Law governing the charter party agreements in this case…"); and has consistently maintained that the same terms and conditions in the Head Charter Party governed the sub-charter between it and 24Vision. *See, e.g.*, Dkt. 31 (*Tsolakis Decl.*), ¶13; Dkt. 1-2, p. 10 ("… as per Owner Pro Forma Charter Party as attached . . . ")

### III. **DISCUSSION**

A decision to grant leave to amend "is within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors when determining whether to grant a motion to amend the complaint past the 21-day deadline: (1) futility of the amendment; (2) prejudice to the opposing party; (3) undue delay; (4) bad faith; and (5) previous amendments. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (*quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)) (factors rearranged); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (listing as factors futility, prejudice, and undue delay).

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 4
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

"Futility alone can justify the denial of a motion to amend." *Johnson*, 356 F.3d at 1077; *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (court should deny motion to amend when the amendments "would be nothing more than an exercise in futility."). Moreover, where the Court does not have personal jurisdiction and the charter parties dictate dispute resolution in London, England, forcing Wisdom to litigate in Oregon would impose undue burden and prejudice.

### A.   Wisdom Not a Necessary Party

Plaintiff makes no showing that Wisdom is a necessary party under Fed. R. Civ. P. 19, or that any harm or prejudice would come to Plaintiff if Wisdom is not joined. To the contrary, Plaintiff's claims lie against the Vessel and its Owners; and no action was taken on behalf of Wisdom. *See e.g.*, Dkt. 19-3. Plaintiff's claims are secured by a $2,500,000 bond.

### B.   Plaintiff Cannot Establish Personal Jurisdiction Over Wisdom

Plaintiff bears the burden of establishing that this Court has personal jurisdiction. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991) (*citing Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984), *cert. den.*, 470 U.S. 1005, 105 S. Ct. 1359, 84 L. Ed. 2d 380 (1985)). Where the action is brought in admiralty, to meet that burden Plaintiff must show that Oregon's jurisdictional statute confers personal jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due process. *Id.* at 380 (*citing Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir. 1985)); *see also Amoco Egypt Oil Company v. Leonis Navigation Company, Inc.*, 1 F.3d 848, 850-51 (9th Cir. 1993) (affirming dismissal of claims against bareboat charterer for lack of personal jurisdiction despite unrelated contacts with forum state via sub-charterer).

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 5
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

Courts may exercise either specific or general jurisdiction over non-resident defendants. Specific jurisdiction requires that Plaintiff satisfy the Ninth Circuit's three-part test, an element of which requires that Plaintiff's claim arise out of Defendant's forum-related activities. *Shute*, 897 F.2d at 381 (*citing Haisten v. Grass valley Med. Reimbursement Fund,* 784, F.2d 1392, 1396, 1397 (9th Cir. 1986); *Data Disk, Inc. v. Systems Tech. Assocs., Inc.*, 557. F.2d 1280, 1287 (9th Cir. 1986)). Plaintiff cannot establish specific jurisdiction. Plaintiff's claims arise out of an action taken by and between foreign corporations relating to a foreign flagged vessel while in international waters between South Africa and South America. Under these circumstances, the only basis for jurisdiction would be general jurisdiction. *See*, *Amoco*, 1 F.3 at 850 ("Because Amoco's claim against Leonis did not arise out of, and is unrelated to, Leonis' contacts with Washington, Amoco concedes that the district court may only hear the claim if Washington can exercise 'general jurisdiction' over Leonis.") (*citing Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414, n. 9, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)).

An exercise of general jurisdiction over a foreign corporation is appropriate "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122, 138-39, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). Notably, in *Daimler AG*, the U.S. Supreme Court jettisoned the reasonableness prong of general jurisdiction previously applied by the Courts of Appeal, and it is no longer

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 6
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

part of the jurisdictional analysis. *Daimler AG*, 571 U.S. at 139, n. 20; 144, n. 1.[2]

Wisdom has no contacts with Oregon—there are no constant and pervasive affiliations to render it at home in Oregon. Wisdom is a non-resident, foreign corporation that does not have the requisite minimum contacts with Oregon for an exercise of general jurisdiction. Wisdom does not conduct business in Oregon; is not licensed to do business in Oregon; has no offices, property, employees, or shareholders in Oregon; has never advertised in Oregon; and has not sold products or services in Oregon. *Hseuh Decl.*, ¶4.

Wisdom also did not direct the vessel to Oregon. The vessel was under charter and directed by the charterers. *E.g.*, Dkt. 19-1. Moreover, the fact that a charterer or sub-charterer may have directed the vessel to a port in the U.S. (or even Oregon) is immaterial. *See*, *Amoco*, 1 F.3 at 850. In *Amoco,* the plaintiff failed to establish personal jurisdiction in the State of Washington even though four vessels that the defendant had sub-chartered called on Washington ports at the direction of sub-charterers. A bareboat charterer (Leonis) had sub-chartered four vessels to Leo Maritime, one of which was further sub-chartered to a sub-charterer (Navix) that directed the vessel to transport logs between the State of Washington and Japan (that vessel made seven trips); the other three vessels also called on Washington

---

[2] Nonetheless, the seven factors defining reasonableness militate against jurisdiction. *See*, *Amoco*, 1 F.3d at 851. (1) The extent of purposeful interjection parallels the question of minimum contacts, *id.*, at 852, and Wisdom does not have the requisite contacts; (2) The burden on Wisdom to defend in this foreign legal system would be considerable, *id.*, at 852 (*quoting Asahi Metal Industry Co. v. Superior Court of Cal.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)) (unreasonable where claim between Taiwanese plaintiff and Japanese defendant arose out of transaction in Taiwan); (3) "where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco*, 1 F.3d at 852 (*citing Pacific Atl. Trading Co.*, 758 F.2d at 1330); (4) Oregon has no interest in this dispute; (5) The key witnesses are in Taiwan, Singapore, and Dubai, Doc. 73; (6) *Convenient and effective relief for Plaintiff* lies in England; and (7) *An alternative forum exists* in London, England. English law governs and Plaintiff agreed to London arbitration (in its sub-charterer with 24Vision). Plaintiff has the burden of proving the unavailability of that alternative forum. *Amoco*, 1 F.3d at 853 (*citing Pacific Atl. Trading Co.*, 758 F.2d at 1331).

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 7
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

ports, but less frequently. Here, we have no record of any sub-charterer directing the vessel to Oregon—no contact whatsoever.

The Ninth Circuit has consistently held that "[t]he level of contact with the forum state necessary to establish general jurisdiction is quite high." *See*, *Shute*, 897 F.2d at 380 (*citing Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)). In *Shute,* defendant Carnival Cruise Line ("Carnival") had no offices, exclusive agents, was not registered to do business, and paid no taxes in Washington State, but advertised, mailed brochures, paid commissions to travel agents, conducted promotional seminars and sold vacation cruises to Washington residents. *Shute*, 897 F.2d at 381. Despite these contacts, the *Shute* court held that Carnival's contacts with Washington State were insufficient to create general jurisdiction. *Id*.

The Ninth circuit has also dismissed defendants for lack of minimum general jurisdictional contacts under the following circumstances:

1. "Non-resident doctors despite significant number of patients in forum, use of forum's state medical insurance system and telephone directory listing that reached forum. *Shute*, 897 F.2d at 380-381 (*citing Cubbage*, 744 F.2d at 667-68).

2. Defendants who made "several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum." *Shute*, 897 F.2d at 381 (*citing Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984), *cert. den.*, 471 U.S. 1066, 85 L. Ed. 2d 500, 105 S. Ct. 2143 (1985)).

3. Foreign corporation, with "sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 8
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

through showroom displays, and attendance at trade shows and sales meetings." *Shute*, 897 F.2d at 381 (*citing Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240, 1242-43 (9th Cir. 1984)).

Synthesizing the holding of these Ninth Circuit cases reinforces the futility of Plaintiff's proposed amendment. Wisdom is a Panamanian corporation that does not conduct business in the State of Oregon. Not only does Wisdom have no connections with Oregon, it does not even have an office or agent anywhere else in the U.S. There is no doubt that forcing this corporation to appear and defend in this foreign forum would impose undue burden, prejudice, and does not comport with due process; and under such circumstances Plaintiff will not be able to prove personal jurisdiction.

## IV. **CONCLUSION**

Wisdom is not a necessary party and the Court cannot exercise personal jurisdiction over Wisdom without violating its constitutional right of due process. Wisdom does not have the requisite minimum contacts with Oregon. Permitting Plaintiff to amend only to then dismiss Wisdom for lack of personal jurisdiction would be an exercise in futility.

DATED this 13th day of March, 2020.

LE GROS, BUCHANAN & PAUL

By: *s/ Markus B.G. Oberg*
MARKUS B.G. OBERG, OSB #112187
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone: 206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Attorneys for Amis Integrity, S.A., by restricted appearance

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 9
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all associated counsel.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 13th day of March, 2020.

                                        *s/ Shelley Courter*
                                        Shelley Courter, Legal Assistant
                                        LeGros Buchanan & Paul
                                        4025 Delridge Way SW, Suite 500
                                        Seattle, Washington 98106-1271
                                        Telephone:     206-623-4990
                                        Facsimile:      206-467-4828
                                        E-mail:          scourter@legros.com

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - Page 10
[Case No. 3:19-cv-01671-BR]

{29293-00592142;1}