**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Michael G. Chalos, *admitted PHV*
Email: michael.chalos@chaloslaw.com
CHALOS & CO, P.C.

*Attorneys for Plaintiff,*
*Dry Bulk Singapore Pte. Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AMIS INTEGRITY S.A. *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem.*, <br><br> Defendants. | No. 3:19-CV-01671-BR <br><br> **Admiralty** <br><br><br> **PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE VERIFIED COMPLAINT** |

**COMES NOW**, Plaintiff Dry Bulk Singapore PTE. LTD. (hereinafter "Plaintiff" or "Dry Bulk"), by and through undersigned counsel respectfully submits this Reply in Support of Motion for Leave to Amend the Verified Complaint. In further support of the motion, Plaintiff

Page 1 - PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\135224\250826\DBO\27569288.1

incorporates the accompanying Declaration of Stavros Tsolakis (and the Exhibits thereto).

## INTRODUCTION

Defendant Amis Integrity S.A.'s ("Amis Integrity" or "Defendant") opposition to the motion to amend raises two (2) challenges: 1) that Wisdom Marine Lines S.A. ("Wisdom Marine") is not a necessary party; and 2) that any amendment would be "futile" because the Court lacks *in personam* jurisdiction over Wisdom Marine. *See* Dkt. 77. It is respectfully submitted that Defendant's arguments are without merit. The amendments proposed will not be futile, are not sought in bad faith, are not prejudicial to the existing Defendants, and will not cause undue delay in the proceedings. Under the circumstances, leave to amend should be given with "liberality" and Plaintiff's motion to file the Amended Verified Complaint should be granted in the interests of justice. *See e.g.*, *Heffington v. Gordon, Aylworth & Tami, P.C.*, No. 3:16-cv-02079-AC, 2017 U.S. Dist. LEXIS 119425 at *3 (D. Or. Jul. 28, 2017); Fed. R. Civ. P. 15.

## ARGUMENT

### A.  Standard for Exercising Discretion on Motion to Amend Complaint

When exercising its discretion on a motion to amend the Complaint, the court should be guided by the underlying purpose of FRCP 15(a), which is "to facilitate decisions on merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Thus, leave to amend is to be granted by the district court with "extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### B.  <u>Wisdom Marine Is a Necessary Party to the Action</u>

Wisdom Marine is the active manager, operator, and beneficial owner of the M/V AMIS INTEGRITY ("the Vessel") (see Tsolakis Decl. ¶¶ 5-8 and 11, Exh. 8). Wisdom Marine had specific and ongoing participation in the intentional torts which caused direct damages to Plaintiff. As such, Wisdom Marine can and should be joined to the present litigation as a defendant.

The standard NYPE 93 charter party underlying the charter of the M/V AMIS INTEGRITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

("the Vessel") between Amis Integrity and 24Vision Solutions DMCC ("24Vision"), included not only Amis Integrity as the "Owner", but also included the Vessel's manager, Wisdom Marine, as a "party and principal" to the charter party. Tsolakis Decl., at ¶¶ 5-6. This same mechanism was utilized by Amis Integrity and Wisdom Marine in the subsequent charter party entered into by Amis with United Bulk Carriers International, S.A. ("United Bulk"). *Id.*, at ¶ 7, as well for the two subsequent charter parties of the Vessel after the United Bulk charter which involved a company called China Navigation Company PTE Ltd. (hereinafter "CNCO") as charterer (*see* ¶8, and Exhibit 4 to Tsolakis Declaration)[1] and Glencore Agriculture B.V. (hereinafter "Glencore"), also as charterer (*see* Exhibits 5 and 5A to Tsolakis Declaration).

Moreover, Wisdom Marine is the parent company of all 128 shelf companies (all of which are organized in "flag of convenience" jurisdictions) who are the registered owners of its managed vessels and the "Beneficiary" recipient of all charter hire paid by charterers for the use of such vessels (of which Amis Integrity is one) *Id.*, at ¶¶ 9-15.

Wisdom Marine was intimately involved in the planning and execution of the torts alleged by Plaintiff Dry Bulk in this action. It was also the beneficiary of the unjust enrichment set forth in the Amended Complaint. *Id.*, at ¶¶ 11-17. Specifically, in its initial disclosures, Defendant Amis Integrity identified Mr. Huan Rong Jang, Mr. Curly Tsao, Ms. Tina Lai and Mr. Mike Chao as being involved in the decision to withdraw the Vessel from Dry Bulk's service. All four individuals are listed in the Disclosure as representatives of "Wisdom Marine Lines Co. Ltd.".[2]

---

[1] It was under the CNCO charter that the vessel called at Vancouver, Washington in October 2019 and was subsequently arrested by Plaintiff. This charter of the Vessel by Wisdom Marine was during the unjust enrichment period that the vessel should have remained with Dry Bulk, but for the wrongful withdrawal by Wisdom Marine and resulting tortious interference with the 24Vision/Dry Bulk charter party. Wisdom Marine vessels made more than 18 trips to Columbia River ports between July 11, 2019 and January 29, 2020 (see Exhibit 11 to Tsolakis Decl.). As such, Wisdom Marine earned substantial sums of charter hire for its managed vessels calling and doing business at District of Oregon ports.

[2] Wisdom Marine Lines Co. Ltd. is listed in the Wisdom Marine Group website as the parent company of Wisdom Marine (see ¶ 11 of Tsolakis Decl. and Exh. 8A, pg. 2). All three entities, as well as Amis Integrity have the same Taiwan address, same floor, same telephone numbers, same e-mail addresses and the same interchangeable employees, officers and directors. (Tsolakis Decl. ¶ 12).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Mr. Tsao was also identified as the person in charge of the day to day operations for the M/V AMIS INTEGRITY. Since the day to day operations of the Vessel were being handled by Wisdom Marine as the Manager of the Vessel, it can be reasonably assumed that Mr. Tsao was acting on behalf of Wisdom Marine in that capacity. *Id*., at ¶ 33 and Exhibit 13. In the Notice of Withdrawal of the Vessel dated July 12, 2019, Mr. Tsao identifies his title as "Operations Department of the Wisdom Marine Group". There is no mention of Wisdom Marine Lines Co. Ltd. in any of the contemporaneous correspondence. In addition, his e-mail address is listed as op04@wisdomlines.com.tw. *Id*., at Exhibit 14.

This is the same e-mail address used by Wisdom Marine in respect to the day to day operations of the vessel. In e-mail exchanges between Wisdom Lines personnel and the Master of M/V AMIS INTEGRITY on July 12, 2019, after the wrongful withdrawal of the Vessel, both Mr. Tsao and a Bryan Chang identify themselves as the "Operation Department of Wisdom Marine Group (as Managers)". They both use the same email address (op04@wisdomlines.com.tw).

It is clear, based on discovery and disclosures which have been received from Defendant to date that Wisdom Marine personnel before the withdrawal of the vessel were fully aware of: the positioning of the Vessel by Dry Bulk off the Coast of Brazil, at its expense; that Dry Bulk had timely paid the hire due under its charter party with 24Vision in full, as well pre-paid hire through July 23, 2019, and, as such, was in full compliance with the terms of that charter party; and, that it had a sub-charter with a third party called Triton for which charter the vessel was positioned off the Coast of Brazil (*see* ¶¶36-42 of Tsolakis Declaration). Knowing all of the above, Wisdom Marine nevertheless orchestrated the wrongful withdrawal of the Vessel and the tortious interference with the 24Vision/Dry Bulk charter party primarily because it saw an opportunity to unjustly enrich itself as Wisdom Marine earned over $800,000 windfall profit on the United Bulk charter and saved over $950,000 in the positioning costs paid by Dry Bulk to have the vessel off Brazil which permitted Wisdom Marine to charter the vessel to United Bulk at no positioning expense to it. *Id*. Wisdom Marine also saw an opportunity to earn substantially more daily hire

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

than it was earning under its charter party with 24Vision in a rising freight market. All these actions by Wisdom Marine were calculated, wrongful and resulted in substantial damages to Dry Bulk, as alleged in the Amended Complaint.

As such, Wisdom Marine is a necessary party to the action. *See CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991) (holding that a necessary party is one who has an interest in the controversy, and who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it).

**C.**     **Alternatively, Wisdom Marine is a Permissive Party which Should be Joined**

Wisdom Marine can and should be added as a party to this action pursuant to Fed. R. Civ. P. 20(a), which states in relevant part:

> (2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

*Id.* Joinder of claims, parties, and remedies is strongly encouraged as Rule 20 aims to promote "'trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. General Motors*, 497 F.2d 1330, 1332 (8th Cir. 1974). It is respectfully submitted that the proposed Amended Verified Complaint and Tsolakis Declaration clearly set forth a right to relief that is joint, several, and/or in the alternative against Wisdom Marine that arises out of the same transaction or occurrence and includes questions of fact and law common to all defendants in the action. *See* FRCP 20(a)(2). Moreover, such joinder will not prejudice the remaining defendants, cause any undue delay in the proceedings, or made in bad faith. Accordingly, joinder of Wisdom Marine is both necessary under Rule 19, or, alternatively,

PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
REPLY IN SUPPORT OF MOTION FOR LEAVE TO
AMEND THE VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

permitted under Rule 20's more liberal standard.

**D.**      **The Surety Bond Does Not Remove the Need for Wisdom Marine as a Party**

Amis Integrity's argument that Wisdom Marine is "unnecessary" because there is a bond posted in the matter is specious at best. The surety bond secures a potential *in rem* judgment against the Vessel only and is capped at $2,500,000. Dkt 40-1. The surety bond security was negotiated by the parties following an emergency Rule E(4)(f) hearing, but that is not the limit on Plaintiff's claims or recoverable damages in this action (see Ad damnum clause in Verified Complaint, Dkt. 1) . Plaintiff in the proposed Amended Complaint has pleaded *in personam* claims against Amis Integrity and Wisdom Marine, and there is no security posted for those claims. Accordingly, Wisdom Marine can and should be added as a defendant to this action.

**E.**      **The Amendment is not "Futile" and Should Be Granted**

Although Defendant Amis Integrity has cited five (5) factors which are relevant to a Court's assessment of whether to grant an amendment to the complaint pursuant to Rule 15, no substantive challenge is made by Defendant on any ground other than "futility." *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Opp. Memorandum, Dkt. 77, p. 4-9.[3] Defendant's futility argument is premised almost exclusively on the allegation that Plaintiff cannot establish *in personam* jurisdiction over Wisdom Marine. Defendant's argument fails for several reasons and is insufficient to bar the liberal grant of amendment permitted by Rule 15 and/or permissive joinder under Rule 20.

A proposed amendment is futile **only** "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient legal claim or defense." *Sweany v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997); *see also Miller v. Rykoff-Sexton, Inc.*, 845

---

[3] It should be noted that none of the cases cited by Defendant on the issue of futility discuss "futility" as one involving an alleged lack of *in personam* jurisdiction over the defendant as a factor in the futility analysis.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

F.2d 209, 214 (9th Cir. 1988)). Moreover, a proposed amended pleading is futile only if "it appears beyond a doubt" that the claims sought to be added would be dismissed for failure to state a claim. *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987); *see also* Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988)(internal citations omitted); *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989). The futility standard only applies to the resolution of the legal sufficiency of the proposed amended complaint. If there is no statutory or legal bar to the claims presented, a plaintiff should be granted permission by the Court to amend the complaint with liberality under Rule 15.

Defendant bears the burden of proving the *Foman* factors militate against granting leave for amendment. Amis Integrity has failed to meet that burden here, as there is no showing that the proposed amendment would be futile for failure to state a legal claim (akin to a Rule 12(b)(6) challenge). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Instead, Defendant has raised a prospective challenge to personal jurisdiction over Wisdom Marine but has cited no authority which stands for the proposition that such a challenge is proper under *Foman* or Rule 15. That is because an alleged lack of *in personam* jurisdiction is more appropriately raised following service of process in a motion to dismiss, rather than, in an opposition to a motion for leave to Amend. *See, e.g.*, William W. Schwarzer, et al., Practice Guide; Federal Civil Procedure Before Trial § 8:422; *see also* Rule 12(b)(2).

## 1. Federal Long-Arm Jurisdiction is Present Here over Wisdom Lines

Even if a determination of personal jurisdiction were properly before this Court (which it is not), Plaintiff has established more than the required *prima facie* showing of personal jurisdiction to be exercised by this Court over Wisdom Marine. Amis Integrity focuses solely on Oregon contacts for its argument that there is no personal jurisdiction over Wisdom Marine. However, because this claim arises under "federal admiralty law" the relevant test for jurisdiction is the "national contacts" standard set forth in Rule 4(k)(2) of the Federal Rules of Civil Procedure. This rule "authorizes jurisdiction based on a defendant's national contacts." *Glencore Grain*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002). It applies, " when three conditions are met: (1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process." *Id.* All three conditions are met here.

The first condition is satisfied because "federal law includes admiralty cases for the purposes of Rule 4(k)(2)." *World Tankers Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 721-22 (5th Cir. 1996); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Ali v. Rogers*, 780 F.3d 1229, 1235 (9th Cir. 2015) (*Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961)). The second condition is satisfied because Wisdom Lines, has not conceded jurisdiction in any other state. *Monster Cable Products v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1008 (N.D. Cal. 2009) ( "[t]he plaintiff is not required to prove lack of jurisdiction in every state. Defendants . . . have not conceded to jurisdiction in another state, so the second factor is satisfied.") (internal citations omitted). The third condition requires a minimum contacts analysis that "is identical to the analysis for the forum state except the relevant forum is in the United States as a whole." *Id.* at 1008. As discussed in the Tsolakis Declaration, Wisdom Marine has engaged in more than enough national contacts (indeed, Oregon contacts) to meet this standard.

A court's exercise of general jurisdiction requires contacts with the forum that "are so 'continuous and systematic' as to render them essentially at home in the forum State." *GoodyearDunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). Where a corporation is subject to general personal jurisdiction, any suit may be brought against that corporation. *Id.*, 2853-54. Accordingly, the minimum contacts analysis for general personal jurisdiction assesses "the continuous and systematic general business contacts" of the corporation. *Id.*, 2857. The direct and extensive U.S. contacts at play in the events giving rise to Plaintiff's Amended Complaint support the fact that Wisdom Marine is subject to general personal jurisdiction in this case.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

As set forth in the Tsolakis Declaration, there are several facts which establish Wisdom Marine's repeated and persistent contacts with the United States, in general and Oregon in particular. First, Wisdom Marine managed vessels have called at approximately one thousand (1000) U.S. ports in the last five (5) years. Tsolakis Decl., at ¶¶ 24-26 and Exhibit 10. More critically, there were approximately 190 calls by more than 50 different vessel managed by Wisdom Marine to the Columbia River area over the past five (5) years calling at ports in Portland, Longview, Kalama, Vancouver, the Lower Vancouver Anchorage and the Astoria Anchorage. *Id*., at ¶ 27 and Exhibit 11. As the beneficiary of all charter hire paid for these vessels, Wisdom Marine earned substantial sums of monies for the U.S. Calls made in the past five (5) years including the nearly 190 port calls to the Columbia River and business transactions in Oregon associated therewith.

In addition, as called for in the Charter Party agreements entered into by Wisdom Marine as Manager and Principal, for each and every port call Wisdom Marine is responsible for hiring protective agents to assist with repatriation and port services for crewmembers as well as the purchase of certain lubricants, provisions, and stores required to maintain the Vessel. *Id*., at ¶ 30. Wisdom Marine as the Manager of the day to day operations of the vessels it manages is responsible for hiring such local agents and paying for their services. In this role, Wisdom Marine dictates all the major decisions taken on behalf of its managed vessels. *Id*., at ¶¶ 31-32. In short and contrary to Mr. Hsueh's declaration, Wisdom Marine is the "Operator" of the vessels it manages. *Id*., at 12; *see also* 33 U.S.C. § 1901(a)(9)(defining "operator" as anyone other than the owner, "who is responsible for the operation, manning, victualing, and supplying of the vessel.").[4]

---

[4] Under federal law, vessels "engaged on a foreign voyage," 46 U.S.C. § 3202(a)(2)(A), must name a "responsible person," *see id*. at § 3201(2), to take responsibility for complying with "instructions and procedures to ensure safe operation of those vessels and protection of the environment in compliance with international and United States law." *Id*. at § 3203(a)(2). *See also* 33 C.F.R. § 96.100 (explaining that the implementing regulations implement "Chapter IX of the International Convention for the Safety of Life at Sea (SOLAS), 1974, International Management Code for the Safe Operation of Ships and for Pollution Prevention (International Safety Management (ISM) Code), as required by 46 U.S.C. Chapter 32"); *id*., § 96.110 *et seq*. (substantive implementing regulations). All foreign flagged vessels, such as the AMIS INTEGRITY must carry on board a valid Document of Compliance that shows that the vessel has been

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

In addition, the standard charter party form ("NYPE 93") entered into by Wisdom Marine (and their subsidiaries) contains a "Clause Paramount" requiring all bills of lading issued for carriage of cargo on board the managed vessel to contain reference to the US Carriage of Goods Act for any shipments to and from the US; a "US Trade Drug Clause" (Clause 31 (a) and (d), pages 10 and 11 of Exhibit 1); a reference to compliance with the US Maritime Security Code when sailing in US waters (page 27 of Exhibit 1); a "United States Transportation Security Clause" (Clause 84, page 35 of Exhibit 1); and, a US Oil Pollution clause (Clause 100, page 40 of Exhibit 1). *Id.* Wisdom Marine has routinely and regularly conducted business in the United States such that the exercise of federal long-arm jurisdiction is a proper exercise of due process here.

2.   **Plaintiff Has Established a *Prima Facie* Showing of Personal Jurisdiction Consistent with the Law of the Forum**

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In the prospective Amended Verified Complaint, Plaintiff properly pleads that Wisdom Marine is subject to the exercise of personal jurisdiction by this Court consistent with applicable long-arm jurisdiction analysis. Wisdom Marine negotiated and anticipated that the managed vessels which it chartered to third-parties would call within the District of Oregon and the Columbia River. Tsolakis Decl. at ¶¶ 16-20. Critically, there was an absolute expectation and Wisdom Marine purposefully availed itself of the right to call the

---

audited in accordance with the ISM Code standards for safe operation and pollution prevention. 33 C.F.R. § 96.200 & 210(a)(3). Wisdom Marine is the Document of Compliance holder for the AMIS INTEGRITY, and upon information and belief, for all of the other vessels which it manages and operates in the Wisdom Line fleet.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Columbia River within the District of Oregon through a charter party clause entitled "Longview" for specific obligations when the Vessel would call Longview, Washington and other ports on the Columbia River (*i.e.* including Vancouver, WA, the location where the Vessel was seized in this case and the warrant of arrest was served by the U.S. Marshal).

Where, as here, a defendant has "purposefully availed" itself of the privilege of conducting activities in the forum by directing the activities of the M/V AMIS INTEGRITY and for 50 of the 128 vessels within the Wisdom Marine fleet to call the Columbia River, utilize the ports of Oregon and Washington (all of which being subject to the jurisdiction of the District of Oregon), and the hiring and payment to of port agents and third party vendors to service the vessels while in the District of Oregon constitute sufficient grounds for this Court to exercise general personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).

The purposeful availment requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or as a result of the "unilateral activity of another party or a third person." *Id.* at 475 (citations omitted). Wisdom Marine can offer no such claim here, where it freely negotiated charter parties which had the specific expectation of calling the United States, the State of Oregon, and this District. As the Supreme Court has recognized, "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence." *Id.* This Court's exercise of jurisdiction over Wisdom Marine is proper and appropriate here under the facts and circumstances of this case. Wisdom Marine has purposefully and continuously conducted business within the District of Oregon over the past five (5) years and as a direct result of those charter party agreements has earned substantial sums of money in the form of hire and freight as a result. In addition, Wisdom Marine has transacted with numerous vendors, businesses, and third parties within the Columbia River and ports and terminals within the District, such that the company has engaged in a repeated

PLAINTIFF DRY BULK SINGAPORE PTE. LTD.'S
REPLY IN SUPPORT OF MOTION FOR LEAVE TO
AMEND THE VERIFIED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

and systematic course of business.

### 3.    Jurisdictional Discovery is Warranted Once Wisdom Marine Appears in the Action

Should the Court determine that the contacts presently identified on the record do not yet meet the test for personal jurisdiction, Plaintiff alternatively requests leave of the court to conduct jurisdictional discovery. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders, et al.*, 437 U.S. 340, 352, n. 13 (1978). "Discovery… 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, fn. 24 (9th Cir. 1977) (internal citations omitted).[5] A district court is vested with broad discretion to permit jurisdictional discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quotation marks and citation omitted); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *see e.g.*, *Pandeosingh v. Am. Med. Response, Inc.*, 2012 U.S. Dist. LEXIS 19187, at *14 (E.D.N.Y. 2012) (granting limited discovery and finding that "where a plaintiff has failed to make a prima facie showing, but has 'made a sufficient start toward establishing personal jurisdiction,' limited

---

[5] It is anticipated that limited discovery would reveal more, not fewer, grounds and contacts with Oregon which would support this Court's exercise of personal jurisdiction over Wisdom Marine. It is anticipated that discovery would reveal the precise number of Wisdom Marine managed vessels which called at United States and Oregon ports; the amount of hire or freight earned for those calls; the prior knowledge and consent of Wisdom Marine for their Vessels to call at U.S. ports; the business dealings with the three (3) global commodities traders cited on the Wisdom Marine website who are either headquartered or otherwise do business in the U.S. and have offices in Oregon; the requirements imposed by Wisdom Marine's crewing department to ensure that all prospective crewmembers hold valid U.S. visas in order to be employed on Wisdom Marine vessels; and the amounts paid to local vendors by Wisdom Marine for services and materials supplied to Wisdom Marine managed vessels. Where a foreign entity "reaches out" to an entity within the forum, the foreign entity should reasonably expect to be hailed into court. *See Central Freight Lines v. APA Transport Corp.*, 322 F.3d 376, 382 (5th Cir. 2003), *see also College Source, Inc. v. Academy One, Inc.*, 65 F.3d 1066, 1078-79 (9th Cir. 2011), *Ballard v. Savage*, 65 F.3d 1495, 1499 (9th Cir. 1995) ("By intentionally doing business with California and U.S. residents, [defendant] 'purposefully availed itself of the benefit and privilege of conducting activities in California' and the U.S."). It is anticipated that further discovery will also present a basis for the Court's exercise of specific jurisdiction as, at a minimum, the unjust enrichment claim was still occurring as of October 2019 when the AMIS INTEGRITY called in the District and was arrested. (see Fn. 3 of Tsolakis Decl.)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

discovery may be appropriate.").

In light of *Laub*, district courts in the Ninth Circuit have held that a plaintiff need not establish a *prima facie* case of personal jurisdiction before it can obtain jurisdictional discovery. *See e.g., eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 U.S. Dist. LEXIS 94462, at *2 (N.D. Cal. 2006) (noting that it would be "counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss") (emphasis in original) (quotation marks and citation omitted). A plaintiff need only make out a "colorable basis" for jurisdiction, or "some evidence" that makes out some lesser showing than a *prima facie* case. *Calix Networks, Inc. v. Wi-Lan, Inc.*, 2010 U.S. Dist. LEXIS 97657, at *4 (N.D. Cal. 2010). Accordingly, in the alternative, should the Court require additional evidence of a systematic and continuous course of dealing by Wisdom Marine in the United States, in general and the District of Oregon, in particular, than what is contained herein, it is respectfully submitted that jurisdictional discovery should be granted to allow the parties to conduct limited discovery pertaining to Wisdom Marine's continuous and systematic general business contacts with the forum.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

WHEREFORE, for the reasons more fully stated above, and in Plaintiff's original Motion, Plaintiff respectfully requests that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 15, or , in the alternative, pursuant to Fed. R. Civ. P. 20, granting Dry Bulk Singapore PTE. LTD.'s Motion for Leave to Amend Verified Complaint, and for such other and just relief as Plaintiff may be entitled to.

DATED:          March 20, 2020                    Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:     *s/David R. Boyajian*
          David R. Boyajian, OSB #112582
          dboyajian@schwabe.com
          Kent Roberts, OSB #801010
          ckroberts@schwabe.com
          1211 SW 5th Ave., Suite 1900
          Portland, OR 97204
          Telephone: 503.222.9981
          Facsimile: 503.796.2900

CHALOS & CO, P.C.

By:     *s/ Michael G. Chalos*
          Michael G. Chalos, admitted *PHV*
          Email: michael.chalos@chaloslaw.com
          CHALOS & CO, P.C.
          55 Hamilton Ave.
          Oyster Bay, NY 11771
          Telephone: 516.584.2062
          Facsimile: 516.750. 9051

          *Attorneys for Plaintiff,*
          *Dry Bulk Singapore PTE. LTD.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all associated counsel.

BY: <u>  *s/ David R. Boyajian*              </u>
David R. Boyajian, OSB #112582

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900