# EXHIBIT 13

Case 3:19-cv-01671-BR   Document 81-16   Filed 03/20/20   Page 1 of 10

Markus B.G. Oberg, OSB #112187
Daniel J. Park, OSB #132493
LE GROS BUCHANAN & PAUL
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone:     206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Email: dpark@legros.com
Attorneys for Defendant Amis Integrity S.A.
by restricted appearance

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DRY BULK SINGAPORE PTE. LTD, <br><br> Plaintiff, <br><br> v. <br><br> Amis Integrity S.A., *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendants. | Case No. 3:19-cv-1671-BR <br><br> IN ADMIRALTY <br><br> **DEFENDANT M/V AMIS INTEGRITY'S RULE 26(a)(1) INITIAL DISCLOSURES** |

Defendant Amis Integrity S.A., by restricted appearance, ("Defendant") makes the following initial disclosures on behalf of Defendant M/V AMIS INTEGRITY as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1). Defendant reserves the right to supplement and/or amend these disclosures. *See* Fed. R. Civ. P. 26(a)(1)(E) and 26(e).

AMIS INTEGRITY S.A.'S INITIAL DISCLOSURES - Page 1
[Case No. 3:19-cv-1671-BR]

{29293-00562761;5}

Defendant makes these disclosures without waiving any right to object to the production of any document, testimony, or evidence on any proper grounds, including but not limited to attorney-client privilege, work product, relevance, or any other basis under applicable law.

## Individuals Likely to Have Discoverable Information that the Disclosing Party May Use to Support their Claims or Defenses
### [Fed. R. Civ. P. 26(a)(1)(A)(i)]

Defendant lists the following individuals who are likely to have discoverable information that it might use to support its claims, unless solely for impeachment.

1. Huan Rong Jang
   Wisdom Marine Lines Co., Ltd.
   c/o LeGros Buchanan & Paul

Mr. Jang is Section Chief of the Business and Operations Department for Wisdom Marine Lines Co., Ltd. Mr. Jang directed and instructed the withdrawal of the M/V AMIS INTEGRITY from Amis Integrity S.A.'s charter with 24Vision Chartering Solutions for non-payment of charter hire, including the issuance of withdrawal. He has knowledge of the charter party between 24Vision and Amis Integrity S.A. and the validity of the withdrawal. Mr. Jang also has knowledge regarding the subsequent charter of the M/V AMIS INTEGRITY and the wrongful arrest of the Vessel at Vancouver, Washington on October 17, 2019.

2. Curly Tsao
   Wisdom Marine Lines Co., Ltd.
   c/o LeGros Buchanan & Paul

Mr. Tsao is operations PIC for Wisdom Marine Lines Co., Ltd., and generally oversaw day-to-day operations of the M/V AMIS INTEGRITY at relevant times. He issued the withdrawal notices and corresponded with others regarding the same, and has knowledge

AMIS INTEGRITY S.A.'S INITIAL DISCLOSURES - Page 2
[Case No. 3:19-cv-1671-BR]

{29293-00562761;5}

regarding the subsequent charter of the M/V AMIS INTEGRITY and the wrongful arrest of the Vessel at Vancouver, Washington on October 17, 2019 and the ensuing period of arrest.

    3.    Tina Lai
           Wisdom Marine Lines Co., Ltd.
           c/o LeGros Buchanan & Paul

Ms. Lai is Mr. Tsao's supervisor and has knowledge of the issuance of the withdrawal notices and the subsequent charter of the M/V AMIS INTEGRITY. She may also have knowledge relating to the wrongful arrest of the Vessel at Vancouver, Washington on October 17, 2019 and/or other relevant issues relating to this litigation.

    4.    Mike Chao
           Wisdom Marine Lines Co., Ltd.
           c/o LeGros Buchanan & Paul

Mr. Chao is the COO of Wisdom Marine Lines Co. Ltd., and has knowledge of the charter party between 24Vision and Amis Integrity S.A., the issuance of the withdrawal notices, and approved the subsequent charter of the M/V AMIS INTEGRITY. He may also have knowledge relating to the wrongful arrest of the Vessel at Vancouver, Washington on October 17, 2019 and/or other matters related to this litigation.

    5.    Other employees and/or principals of Wisdom Marine Lines S.A. may be called to testify regarding their knowledge of the facts and circumstances of the allegations in Plaintiff's Complaint. In particular, these individuals may be called to testify regarding their knowledge of the charter party between 24Vision and Amis Integrity S.A., including the existence of a no-lien clause in the charter party, the withdrawal of the Vessel from charter with 24Vision by Amis Integrity S.A., and the validity of such withdrawal, and other matters related to this litigation.

6. Stavros Tsolakis
   Dry Bulk Singapore Pte Ltd.

Mr. Tsolakis is employed by Plaintiff as Head of Chartering, verified the Complaint (Dkt. #1-1), and signed a declaration (Dkt. #31) in this matter. Mr. Tsolakis presumably has knowledge relating to the allegations in the Complaint and his declaration. Upon information and belief, Mr. Tsolakis also has knowledge regarding the charter party between 24Vision and Amis Integrity S.A., including the existence of a no-lien clause in the charter party, charter hire payments made by Plaintiff to 24Vision, refunds and/or returns of charter hire payments from 24Vision to Plaintiff, the withdrawal of the Vessel from charter with 24Vision by Amis Integrity S.A., the validity of such withdrawal, and the decision to arrest and conduct leading up to and surrounding the arrest of the Vessel on October 17, 2019.

7. Other employees and/or principals of Dry Bulk Singapore Pte. Ltd. may be called to testify regarding their knowledge of the facts and circumstances of the allegations in Plaintiff's Complaint. In particular, these individuals may be called to testify regarding their knowledge of the charter party between 24Vision and Amis Integrity S.A., including the existence of a no-lien clause in the charter party, charter hire payments made by Plaintiff to 24Vision, refunds and/or returns of charter hire payments from 24Vision to Plaintiff, the withdrawal of the Vessel from charter with 24Vision by Amis Integrity S.A., the validity of such withdrawal, and the decision to arrest and conduct leading up to and surrounding the arrest of the Vessel on October 17, 2019, and/or other matters related to this litigation.

8. Employees and/or principals of 24 Vision Chartering Solutions may be called to testify regarding their knowledge of the facts and circumstances of the allegations in Plaintiff's Complaint. In particular, these individuals may be called to testify regarding their

knowledge of the charter party between 24Vision and Amis Integrity S.A., including the existence of a no-lien clause in the charter party, charter hire payments made by Plaintiff to 24Vision, refunds and/or returns of charter hire payments from 24Vision to Plaintiff, the withdrawal of the Vessel from charter with 24Vision by Amis Integrity S.A., the validity of such withdrawal, and other matters related to this litigation.

9. Thomas Rolin
BARRY ROGLIANO SALLES
2303, Reef Tower, Cluster O JLT, Dubai
Telephone: +971 4 4408 451

Mr. Rolin is employed by Barry, Rogliano, Salles as a broker, and has knowledge regarding the withdrawal of the M/V AMIS INTEGRITY from charter with 24Vision by Amis Integrity S.A in July 2019, and participated in related communications.

10. Eddie Lin
Wisdom Marine Agency Co., Ltd
Taipei
Telephone: 886-2-2707-3229

Mr. Lin is employed by Wisdom Marine Agency as a broker, and has knowledge regarding the withdrawal of the M/V AMIS INTEGRITY from charter with 24Vision by Amis Integrity S.A. in July 2019, and participated in related communications.

11. YG Lin
Wisdom Marine Agency Co., Ltd
Taipei

Mr. Lin is employed by Wisdom Marine Agency as a broker, and has knowledge regarding the subsequent charter of the M/V AMIS INTEGRITY.

///

///

### Documents in the Possession, Custody, or Control of the Disclosing Party, Which the Disclosing Party May Use to Support their Claims or Defenses
### [Fed. R. Civ. P. 26(a)(1)(A)(ii)]

Defendant lists the following categories of documents, compilations, and tangible things that, to the extent not already provided, will be made available for inspection and copying, are in its possession or control, and which it might use to support its defenses, unless solely for impeachment:

1. Charter Party agreement(s)
2. Withdrawal notice communications
3. Communications relating to subsequent charter
4. Documentation relating to costs incurred as a result of the wrongful arrest at Vancouver, Washington on October 17, 2019

To the extent otherwise discoverable, the following documents are being withheld on the basis of the attorney-client privilege and/or work product doctrine:

A. Confidential communications between Defendant and its lawyers, including communications with each of their agents or representatives, are protected by the attorney-client privilege.

B. Notes, memos, research, reports, correspondence, etc., prepared in anticipation of litigation by Defendant's lawyers or their representatives, including without limitation, insurers, investigators, and consulting experts, are protected by the work product doctrine. This includes notes of telephone conversations and interoffice and intra-office correspondence.

C. Notes, memos, reports, correspondence, etc., prepared in anticipation of litigation by Defendant or its representatives, including, without limitation, insurers, investigators, and consulting experts, are protected by the work product doctrine. This includes notes of telephone conversations and interoffice and intra-office correspondence.

### Categories of Damages Claimed
[Fed. R. Civ. P. 26(a)(1)(A)(iii)]

Defendant's total damages are unknown at this time, but are anticipated to be no less than $323,818. Currently known damages include the following:

Costs incurred/losses sustained as a result of the wrongful arrest during the period October 17, 2019 through October 25, 2019, including without limitation tug assist, linesmen, security, dockage, agency fees, loss of charter hire, and bunkers consumed, in an amount of not less than $233,718; and the amount of $50,100 to secure the surety bond.

Attorney fees and costs incurred in the amount of approximately $40,000, and continuing to be incurred in an amount to be proven at trial.

### Insurance Agreement
[Fed. R. Civ. P. 26(a)(1)(iv)]

Defendant obtained a surety bond to secure release of the M/V AMIS INTEGRITY; otherwise, not applicable.

### Reservations

These disclosures are based upon facts and information as presently known to Defendant. Defendant reserves the right to supplement or amend these disclosures as may be necessary. Defendant further reserves the right to call witnesses identified by any other party regardless of whether the other party calls such witnesses to testify at trial.

DATED this 13th day of November, 2019.

LE GROS, BUCHANAN & PAUL

By: s/ Markus B.G. Oberg
By: s/ Daniel J. Park
   MARKUS B.G. OBERG, OSB #112187
   DANIEL J. PARK, OSB #132493

                                  4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
Phone: 206-623-4990
Facsimile: 206-467-4828
Email: moberg@legros.com
Email: dpark@legros.com

Attorneys for Defendant Amis Integrity S.A.
by restricted appearance

AMIS INTEGRITY S.A.'S INITIAL DISCLOSURES - Page 8
[Case No. 3:19-cv-1671-BR]

{29293-00562761;5}

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day she caused to be served in the manner noted below, a copy of the document to which this certificate is attached, on the following counsel of record:

David R. Boyajian  
Kent Roberts  
Schwabe, Williamson & Wyatt, P.C.  
1211 SW 5th Ave., Suite 1900  
Portland, OR 97204  
Email: dboyajian@schwabe.com,  
ckroberts@schwabe.com  
*Attorneys for Plaintiff*

☒ Via E-Mail  
☒ Via U.S. Mail  
☐ Via Messenger  
☐ Via Facsimile

Michael G. Chalos, *pro hac vice*  
Chalos & Co., P.C.  
55 Hamilton Ave.  
Oyster Bay, NY 11771  
Email: Michael.chalos@chaloslaw.com

☒ Via E-Mail  
☒ Via U.S. Mail  
☐ Via Messenger  
☐ Via Facsimile

*Attorneys for Plaintiff*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct this 13th day of November, 2019.

By: *Gabrielle A. Flanagan*  
Gabrielle A. Flanagan, Paralegal  
Signed at Seattle, Washington