IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DRY BULK SINGAPORE PTE. LTD,** | 3:19-cv-01671-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **AMIS INTEGRITY S.A.,** *in personam* and M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, | |
| Defendants. | |

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Dry Bulk Singapore PTE. LTD's Amended Motion (#108) for Leave to Amend the Verified Complaint.

In the exercise of its discretion, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

**BACKGROUND**

Defendant Amis Integrity S.A. owns the M/V Amis Integrity (the Vessel). In 2017 Defendant chartered the Vessel to a

1 - OPINION AND ORDER

third-party (24Vision).  In 2019 24Vision sub-chartered the Vessel to Plaintiff for maritime cargo transport.

On July 12, 2019, Defendant withdrew the Vessel from charter to 24Vision based on 24Vision's alleged failure to make charter payments.

On October 17, 2019, Plaintiff filed a Verified Complaint in admiralty and alleged Defendant wrongfully withdrew the Vessel from charter resulting in Plaintiff's financial loss. Plaintiff also sought a warrant for arrest of the Vessel, which was granted by the Honorable Michael J. Simon.

On October 23, 2019, the parties stipulated to release of the Vessel upon Defendant posting a bond in the amount of $2.5 million.

On February 11, 2020, the Court ordered Plaintiff to post countersecurity of $350,000 related to Defendant's Counterclaim of wrongful arrest.

On March 3, 2020, Plaintiff filed a Motion (#61) for Leave to Amend the Verified Complaint.

On March 26, 2020, Defendant filed a Motion (#83) to Dismiss based on lack of proper service and the Court's lack of jurisdiction.

On April 13, 2020, the Court approved withdrawal of

2 - OPINION AND ORDER

Plaintiff's counsel.  On June 15, 2020, new counsel filed a notice of representation of Plaintiff.

On July 10, 2020, Plaintiff filed an Amended Motion (#108) for Leave to Amend the Verified Complaint.  Plaintiff seeks to add Tradewind GMBH as an additional party-plaintiff; to add Wisdom Marine Lines, S.A., and Wisdom Marine Lines Co. Ltd. (collectively referred to as Wisdom Marine Entities) as additional party-defendants; and to add an additional claim for alter-ego liability against the Wisdom Marine Entities.  On July 17, 2020, Defendant Amis filed a Response (#105) to Plaintiff's Amended Motion.  On July 24, 2020, Plaintiff filed a Reply (#111) in further support of its Amended Motion.

Also pending is Defendant Amis's Motion (#83) to Dismiss for Process and Lack of Personal Jurisdiction.

## STANDARDS

Federal Rule of Civil Procedure 15(a)(2) states a "court should freely give leave [to amend] when justice so requires."  "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,

3 – OPINION AND ORDER

undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

### I. Tradewind is not a required or necessary party to this litigation.

Plaintiff seeks to add Tradewind as an additional party-plaintiff. Plaintiff contends Tradewind provides "general financing" to Plaintiff; funded the countersecurity that Plaintiff posted with the Court; has a financial interest in the outcome of this case; and, therefore, is a necessary party to the litigation.

Defendant contends Tradewind is not a necessary party to this action because it was not a party to any of the charter agreements, was not involved in the operation of the Vessel, and did not suffer any direct injury as a result of the alleged wrongful withdrawal of the Vessel from charter.

Under Federal Rule of Civil Procedure 19(a)(2) a party is

4 – OPINION AND ORDER

only 'necessary' if it has a legally protected interest and not merely a financial interest in the action.  Tradewind is a German financing company and merely provided "general financing" for and funded the countersecurity posted by Plaintiff.  Moreover, Tradewind was not a party to the charter agreements and was not involved in the operation of the Vessel.  In addition, Tradewind does not identify any specific injury it suffered as a result of Defendant's conduct.

On this record the Court concludes Plaintiff has not shown Tradewind's presence in the litigation is necessary in order for the Court to resolve Plaintiff's claims fully.  Accordingly, the Court denies Plaintiff's request to add Tradewind as a party-plaintiff.

## II.    Plaintiff's addition of Wisdom Marine Entities as defendants and alter-ego claims against them is appropriate.

Plaintiff contends Wisdom Marine Entities should be added as defendants and that it is appropriate for Plaintiff to bring the alter-ego claims against them.  Plaintiff asserts Wisdom Marine Entities are the parent companies for Defendant Amis, and Wisdom Marine Entities made the decisions that led to withdrawal of the Vessel from charter.  Plaintiff also argues Wisdom Marine Entities acted as alter egos of Amis, exercised substantial

5 – OPINION AND ORDER

control over Amis, and abused the corporate form in order to serve their own economic interests. As direct participants in the tortious conduct, Plaintiff contends Wisdom Marine Entities, acting as alter egos of Amis, are necessary parties in order for the Court to resolve fully Plaintiff's claims of tortious interference, conversion, and unjust enrichment. Accordingly, Plaintiff contends it should be allowed to add Wisdom Marine Entities as defendants and to add a claim against them based on alter-ego liability. Plaintiff also asserts issues of jurisdiction over Wisdom Marine Entities should be addressed after Wisdom Marine Entities have been added as parties, after Wisdom Marine Entities have been properly served, and after completion of jurisdictional discovery.

Defendant, however, contends Wisdom Marine Entities are not necessary parties and Plaintiff's alter-ego claims against them are futile. Defendant also asserts Plaintiff has not satisfied the heightened pleading requirements to show fraud in the use of the corporate form by Defendant. Although Defendant concedes Wisdom Marine SA acted as the manager of the Vessel and facilitated the charter of the Vessel, Defendant asserts Wisdom LTD does not have any direct ownership interest or control over the Vessel. In addition, Defendant contends Plaintiff's alter-

6 – OPINION AND ORDER

ego theory fails to state a plausible claim for piercing the corporate veil that is necessary to resolve such a claim and to avoid injustice.  Defendant also contends the claims against Wisdom Marine Entities are futile because the Court lacks general and/or specific jurisdiction over Wisdom Marine Entities.  According to Defendant, Plaintiff had sufficient information before filing this case to assert claims against Wisdom Marine Entities, Plaintiff has unduly delayed seeking to amend its Complaint, and Plaintiff's amendments unduly prejudice Defendant by significantly expanding the scope of the litigation.  Finally, Defendant contends Plaintiff's proposed amendments are made in bad faith.

As noted, pursuant to Federal Rule of Civil Procedure 15 leave to amend should be freely given in order to facilitate the full and complete resolution of all claims between the parties when justice so requires.  Plaintiff alleges in its Amended Verified Complaint that Wisdom Marine Entities are the alter egos of Defendant Amis and exercised control over Amis for the withdrawal of the Vessel from charter.  The Court finds the plausibility of Plaintiff's claim cannot be resolved at this stage of the litigation and that Defendant has not established the futility of Plaintiff's claims at this time.  In addition,

7 – OPINION AND ORDER

whether this Court has jurisdiction over Defendant and Wisdom Marine Entities is an issue to be resolved after jurisdictional discovery has been completed.

Accordingly, in the exercise of its discretion and pursuant to the liberal standards for amendment of pleadings, the Court concludes Wisdom Marine Entities are proper parties and the claims that Plaintiff alleges against them should be allowed at this stage of the litigation.

## CONCLUSION

For these reasons, the Court **DENIES in part** and **GRANTS in part** Plaintiff's Amended Motion (#108) to Amend Verified Complaint as follows:

The Court **DENIES** Plaintiff's request to add Tradewind as a party-plaintiff;

The Court **GRANTS** Plaintiff's request to add Wisdom Marine Entities as defendants; and

The Court **GRANTS** Plaintiff's request to add claims of alter-ego liability against Wisdom Marine Entities.

The Court **DIRECTS** Plaintiff to file its Amended Verified Complaint **no later than August 28, 2020.**

The Court also **STRIKES** Defendant Amis's Motion (#83) to

8 – OPINION AND ORDER

Dismiss against Plaintiff's original Verified Complaint with leave to renew after the Amended Verified Complaint is filed and Wisdom Marine Entities have been properly served.  The Court **DIRECTS** the parties to file **no later than September 11, 2020,** a joint proposed case-management plan with proposed deadlines to complete jurisdictional discovery and to file any proposed motions against Plaintiff's Amended Verified Complaint.

    IT IS SO ORDERED.

    DATED this 18th day of August, 2020.

                                  /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States Senior District Judge