IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DRY BULK SINGAPORE PTE. LTD.,                    3:19-cv-01671-BR

   Plaintiff,                            OPINION AND ORDER

     v.

AMIS INTEGRITY S.A., WISDOM
MARINE LINES, S.A., WISDOM
MARINE LINES CO. LTD., *in
personam;* and M/V AMIS
INTEGRITY (IMO 9732412), her
engines, freights, apparel,
appurtenances, tackle, etc.,
*in rem*,

   Defendants.


**M. CHRISTIE HELMER**
**IAN M. CHRISTY**
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Ave
Portland, OR  97204
(503) 224-5858

**JEREMY A HERSCHAFT,** *Pro Hac Vice*
**JOHN D. KIMBALL,** *Pro Hac Vice*
Blank Rome LLP
1271 Avenue of the Americas
New York, New York  10020
(212) 885-5000

   Attorneys for Plaintiff Dry Bulk Singapore PTE. LTD.

**MARKUS B.G. OBERG**
OSB #112187
**DANEIL J. PARK**
OSB #132493
Le Gros Buchanan & Paul
4025 Delridge Way S.W., Ste. 500
Seattle, WA  98106
(206) 623-4990

> Attorneys for Defendants Amis Integrity S.A.; Wisdom Marine Lines, S.A.; Wisdom Marine Lines Co. LTD.; and M/V Amis Integrity

**BROWN, Senior Judge.**

This matter comes before the Court on the Renewed Motion (#153) to Dismiss for Lack of Personal Jurisdiction and Improper Service filed by Defendants Amis Integrity S.A. (Amis); Wisdom Marine Lines, S.A.; and Wisdom Marine Lines Co. LTD., *in personam*.

For the reasons that follow, the Court **DENIES** Defendants' Renewed Motion to Dismiss based on the ground of lack of proper service and **GRANTS** Defendants' Renewed Motion to Dismiss on the ground this Court lacks general and specific personal jurisdiction over Defendants in Oregon and lacks jurisdiction over the Wisdom Marine entities under Federal Rules of Civil Procedure 4(k)(2).  Accordingly, the Court **DISMISSES** Plaintiff's claims against the *in personam* Defendants Amis Integrity S.A.; Wisdom Marine Lines, S.A.; and Wisdom Marine Lines Co. LTD.  The

claims asserted against and by M/V Amis Integrity (IMO 9732412), *in rem*, remain in this matter.

**BACKGROUND**

**I.   Factual Background**

Amis, a Panamanian corporation, owns the M/V Amis Integrity (the Vessel), which is a bulk carrier.  In 2017 Amis chartered the Vessel to 24Vision Chartering Solutions, DMCC (24Vision). In 2019 24Vision sub-chartered the Vessel to Plaintiff Dry Bulk Singapore PTE. LTD., a Singapore corporation, for maritime cargo transport.

On July 12, 2019, Amis withdrew the Vessel from charter based on 24Vision's alleged failure to make charter payments.

**II.   Procedural Background**

On October 17, 2019, Plaintiff filed a Verified Complaint in admiralty against Amis and the Vessel and alleged Amis wrongfully withdrew the Vessel from charter resulting in financial loss to Plaintiff.  Plaintiff also sought a warrant for arrest of the Vessel, which was granted by District Judge Michael H. Simon.

On October 18, 2019, Amis filed a Notice (#17) of Restricted Appearance pursuant to Supplemental Admiralty

Rule E(8) to defend against Plaintiff's claims.

On October 23, 2019, the parties stipulated to release of the Vessel upon Amis posting a bond in the amount of $2.5 million.  On October 25, 2019, Amis posted the bond.

On October 31, 2019, Amis filed a Verified Statement of Right or Interest (#44) as to the Vessel.

On November 14, 2019, Amis filed an Answer of *In Rem* Defendant to Verified Complaint and Counterclaim for Wrongful Arrest (#46).

On December 11, 2019, Amis filed a Motion (#48) for Counter Security and asked the Court to require Plaintiff to post a bond for Amis's Counterclaim for wrongful arrest.  On February 11, 2020, the Court ordered Plaintiff to post counter-security of $350,000.

On March 3, 2020, Plaintiff filed a Motion (#61) for Leave to Amend the Verified Complaint to add Wisdom Marine Lines, S.A., as an additional defendant.

On March 12, 2020, Plaintiff filed a Proof of Service (#76) indicating Amis was personally served in Panama City, Panama, on March 5, 2020, by serving summons on the Morgan & Morgan Law Firm as "Resident Agents" for Amis.

On March 26, 2020, Amis filed a Motion (#83) to Dismiss

[Plaintiff's Complaint] for Process and Lack of Personal
Jurisdiction.

On April 9, 2020, Plaintiff's counsel filed a Motion (#85)
to Withdraw as Counsel for Plaintiff, which the Court approved
on April 13, 2020.  On June 15, 2020, new counsel filed notice
on behalf of Plaintiff.  On June 17, 2020, Plaintiff posted the
counter-security previously ordered by the Court.

On July 10, 2020, Plaintiff filed an Amended Motion (#108)
for Leave to Amend the Verified Complaint.  Plaintiff sought to
add TradeWind GMBH as an additional plaintiff; to add Wisdom
Marine Lines, S.A., and Wisdom Marine Lines Co. LTD. as
additional defendants; and to add an additional claim for alter-
ego liability against the Wisdom Marine entities.

On August 18, 2020, the Court granted in part Plaintiff's
Motion to Amend, allowed the addition of the Wisdom Marine
entities as defendants, and allowed the additional claim of
alter-ego liability against the Wisdom Marine entities.  Opin.
and Order (#112).  The Court also struck Amis's earlier Motion
(#83) to Dismiss Plaintiff's Complaint, but the Court gave Amis
leave to renew its motion after Plaintiff filed its Amended
Verified Complaint and after Plaintiff served the Wisdom Marine
entities.

On August 26, 2020, Plaintiff filed its Amended Verified Complaint (#113).

On September 9, 2020, Amis, by restricted appearance, filed an Answer (#114) of *in rem* Defendant to Amended Verified Complaint and Counterclaim for Wrongful Arrest.  Amis indicated in a footnote that it had not been properly served, and, therefore, "no answer is required from Amis Integrity S.A. at this time under Fed. R. Civ. P. 12(a)(1)(A)."

On September 14, 2020, the Court issued a Scheduling Order (#116); directed Plaintiff to serve the new *in personam* Defendants by September 30, 2020; directed the parties to complete any jurisdictional discovery by December 28, 2020; and set a deadline of January 11, 2021, for the filing of any motions based on jurisdictional challenges.

On September 16, 2020, Plaintiff filed an Unopposed Motion (#120) for Order Directing Foreign Service of Process and requested leave to serve Amis and the Wisdom Marine entities (1) by registered mail, return receipt requested; (2) by private courier Federal Express; and (3) by email.  On September 17, 2020, the Court granted Plaintiff's unopposed Motion and directed Plaintiff to file proof of service by September 30, 2020.  Order (#122).

6 – OPINION AND ORDER

On September 29, 2020, Amis, again by restricted appearance, filed an Amended Answer (#126) of *in rem* Defendant to Amended Verified Complaint and Counterclaims.

On September 30, 2020, the Clerk of Court filed a Notice (#128) of Service and indicated certified postal mailings to Panama were returned indicating Panama was not accepting mail from the United States.

On October 9, 2020, Amis filed a Motion (#131) for Additional Counter Security.  On November 10, 2020, the Court denied Amis's Motion.  Order (#142).

On October 14, 2020, counsel filed Notices (#135-#138) of Appearance on behalf of the Wisdom Marine entities.

On January 11, 2021, Defendants filed their Renewed Motion (#153) to Dismiss for Lack of Jurisdiction and Improper Service. On January 25, 2021, Plaintiff filed its Response (#155) to Defendants' Renewed Motion to Dismiss.  On February 5, 2021, Defendants filed their Reply (#157) in further support of their Renewed Motion to Dismiss.[1]

---

[1]    The Court has also considered Plaintiff's Sur-Response (#159) and Defendants' Sur-Reply (#161) filed in connection with Defendants' Renewed Motion to Dismiss.

## STANDARDS

### I.    Service of Process

Service of Summons and Complaint is governed by Federal Rule of Civil Procedure 4.  Rule 4(h)(2) governs service on foreign corporations and provides such service may be accomplished in any manner allowed under Rule 4(f) (with the exception of personal service) by:  (1) any internationally-agreed means of service that is reasonably calculated to give notice; (2) in the absence of an international agreement, by means "reasonably calculated to give notice" prescribed by the foreign country's law for service or as the foreign authority directs in response to a letter rogatory or letter of request, including "using any form of the mail that the clerk addresses and sends to the individual and that requires a signed receipt"; or (3) "other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1-3).

When the propriety of service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### II. Personal Jurisdiction

When "the existence of personal jurisdiction is challenged and the defendant appears specially to contest its presence in

the jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction." *Dist. Council No. 16 of Int'l Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B&B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007)(citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the juris-dictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

A court's personal jurisdiction over a particular defendant is proper either as "general" or "specific" personal juris-diction.  "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)(citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  For a corporation the "paradigm forum for the exercise of general jurisdiction" is "one which the corporation is fairly regarded as at home." *Id.*  The due-process test for general jurisdiction is whether a foreign corporation's "affiliations with the State are so 'continuous

and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S at 139 (citing *Goodyear*, 564 U.S. at 919).

The Ninth Circuit follows a three-part test to determine whether the exercise of "'specific' jurisdiction comports with due process:  (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)(citing *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986)).


## DISCUSSION

Defendants contend Plaintiff's claims against them must be dismissed for improper service and for lack of personal jurisdiction.

## I.   **Defendants were properly served.**

Defendants contend Plaintiff's claims must be dismissed due to improper service.  Amis specifically asserts it was not

served properly at the outset of the lawsuit in accordance with the Inter-American Convention and that Plaintiff failed to serve Amis in accordance with the Court's Order (#120) for alternative service.  The Wisdom Marine entities assert Plaintiff failed to serve them within the time set by the Court's Order.

In response Plaintiff contends it complied with the requirements of Rule 4 and with the Court's Order for alternative service and that Defendants have been served properly.

The Court notes Plaintiff was not required to serve Amis solely pursuant to the terms of the Inter-American Convention on Letters Rogatory under Rule 4(f)(1).  The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process." *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).  In fact, the court noted service of process by "other means not prohibited by international agreement, as the court orders" pursuant to Rule 4(f)(3), is neither a "last resort" nor "extraordinary relief." *Id.* at 1015.  The court also noted:

> The advisory committee notes ("advisory notes") bolster our analysis.  Beyond stating that service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be

> prohibited by international agreement, the advisory
> notes indicate the availability of alternate service
> of process under Rule 4(f)(3) without first attempting
> service by other means.  Specifically, the advisory
> notes suggest that in cases of "urgency," Rule 4(f)(3)
> may allow the district court to order a "special
> method of service," even if other methods of service
> remain incomplete or unattempted.

*Id.*

Defendants do not dispute the Court "was within its discretion" to allow Amis to be served via methods other than letters rogatory.  Defs.' Reply (#157) at 13.  Accordingly, the Court concludes Plaintiff was not required to obtain letters rogatory or to serve Amis in accordance with the Inter-American Convention before obtaining permission from the Court to serve Defendants by alternative means.

As noted, on September 16, 2020, Plaintiff sought leave to serve all Defendants with the Amended Verified Complaint pursuant to Rule 4(f)(2), (3), and (h)(2).  Defendants did not oppose Plaintiff's Motion.  On September 17, 2020, the Court granted Plaintiff's request and authorized Plaintiff to serve Defendants "by (1) United States postal service international express mail, return receipt requested, (2) Federal Express with signature delivery required, and (3) email notification to the email address indicated in Plaintiff's Motion" and to file proof of service by September 30, 2020.  Order (#122).

Defendants, however, contend Plaintiff did not comply with the Court's September 17, 2020, Order in that Plaintiff was required to accomplish service by the three separate methods set out in the Court's Order by a certain date. Defendants assert Plaintiff did not serve Amis with Summons and Complaint by U.S. Mail. Defendants also assert Plaintiff did not serve the Wisdom Marine entities by U.S. Mail within the deadline set by the Court.

Plaintiff acknowledges service on Amis by U.S. Mail to Panama was not completed because Panama would not accept mail from the United States. *See also* Clerk's Notice of Serv. (#128). Plaintiff, however, has not filed any proof of service to indicate the Wisdom Marine entities have been served by U.S. Mail. Moreover, Defendants assert their own records reflect Wisdom Marine Lines Co. LTD. in the Cayman Islands may not have been served until January 2021. Plaintiff, however, asserts each Defendant received adequate notice via email and Federal Express and that was sufficient to satisfy due-process requirements. Defendants do not dispute they each received notice by Federal Express and email.

In summary, the Court concludes on this record that even though Plaintiff did not complete service on Defendants by U.S.

13 — OPINION AND ORDER

Mail, Defendants received notice of the pendency of this action

by Federal Express and email; received notice of the claims

asserted against them; and had the opportunity to appear and to

defend.  The Court, therefore, concludes the requirements of

due-process have been satisfied.  Accordingly, the Court

concludes Plaintiff properly and adequately served Defendants

with Summons and the Amended Verified Complaint.

**II.  The Court lacks personal jurisdiction over the Defendants.**

Defendants contend Plaintiff's claims fail for lack of the

Court's personal jurisdiction over them.  Defendants argue

Plaintiff cannot establish specific or general personal

jurisdiction over them in Oregon, and the Court lacks

jurisdiction over the Wisdom Marine entities pursuant to Federal

Rules of Civil Procedure 4(k)(2).

> **A.  Plaintiff has not established this Court has general or specific personal jurisdiction in Oregon over Defendants.**

As a threshold matter the Court must determine whether

there is personal jurisdiction in Oregon over Defendants.  *See*

*Quimby v. Aveson*, Civil No. 18-1057, 2009 WL 936713, at *2 (D.

Or. Apr. 1, 2009).  "The Due Process Clause protects an

individual's liberty interest in not being subject to the

binding judgments of a forum with which he has established no

meaningful 'contacts, ties, or relations.'"  *Burger King Corp.*
*v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).  *See also Smith v.*
*Salish Kootenai Coll.*, 434 F.3d 1127, 1138 (9th Cir. 2006)
(same).

Defendants contend they are nonresident, foreign
corporations that do not conduct business in Oregon; are not
licensed to do business in Oregon; do not have any office,
property, employees, or shareholders in Oregon; have never
advertised in Oregon; and have not sold products or services in
Oregon.  Thus, Defendants assert Plaintiff cannot establish this
Court has general or specific personal jurisdiction over them.

### 1.   **Wisdom Marine entities**

Plaintiff "acknowledges" the Wisdom Marine entities
"lack sufficient contacts with the United States as a whole to
meet the stringent 'at home' standards" required for the
exercise of general personal jurisdiction over a foreign
entity."  Pl.'s Resp. (#155), at 10.  Plaintiff, nevertheless,
contends the Wisdom Marine entities "must remain in the case
until fact discovery is concluded" because "the factual record
with respect to the potential alter ego liability between the
various entities has not been fully developed."  *Id.*  Plaintiff,
however, does not cite any authority to support its position.

15 – OPINION AND ORDER

Plaintiff's claims against the Wisdom Marine entities are based on an alter-ego theory of liability, but the fact that Plaintiff has pled a *prima facie* claim of alter-ego liability against the Wisdom Marine entities does not establish this Court's personal jurisdiction over them.  To establish personal jurisdiction Plaintiff is required to show the Wisdom Marine entities had sufficient contacts with the forum to satisfy personal-jurisdiction requirements, and Plaintiff acknowledges it is unable to satisfy this burden as to the Wisdom Marine entities.

      2.   **Amis**

Plaintiff contends this Court has jurisdiction over Amis on the grounds that Amis has asserted Counterclaims for breach of contract and unjust enrichment based on the assignment of a claim for bunker fuel purchases and that Amis has engaged in merit-based discovery for such claims.  Plaintiff contends these actions "went far beyond" the mere filing of a wrongful-arrest Counterclaim, and these actions constitute affirmative conduct by Amis in which it seeks "the benefit of this Court's jurisdiction."  Plaintiff, therefore, asserts Amis has waived any personal-jurisdiction defense.

Pursuant to Federal Rule of Civil Procedure 12(h)(1), a party waives the defense of lack of personal jurisdiction when

the party fails to raise the defense by motion or fails to include it in a responsive pleading "as a matter of course." Fed. R. Civ. P. 12(h)(1).  The mere filing of a permissive or compulsory counterclaim, however, does not constitute a waiver of a personal-jurisdiction defense.  *See, e.g., Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010)(filing of a permissive counterclaim does not constitute a waiver of personal jurisdiction); *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007)(filing of compulsory counterclaim does not waive jurisdictional defenses).  "Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998).  *See also Barnes v. Sea Haw. Rafting , LLC,* 889 F.3d 517, 530 (9th Cir. 2018)(defendants clearly waived any objection to *in rem* jurisdiction by litigating on the merits of the plaintiff's claims for more than 15 months before challenging the court's jurisdiction).  Supplemental Admiralty Rule E(8), however, allows a defendant to enter a restricted appearance and to "vigorously defend the merits of the claim against him without converting [the] restricted appearance into a general

appearance." *Teyseer Cement Co. v. Halla Mar. Corp.* 794 F.2d
472, 478 (9th Cir. 1986). *See also Ventura Packers, Inc. v. F/V
Jeanine Kathleen*, 424 F.3d 852, 863 (9th Cir. 2005)(citing
*Teyseer*, 794 F.2d 472).

　　　　The record in this case reflects Amis, as the
registered owner of the Vessel, filed a "restricted appearance"
pursuant to Supplemental Admiralty Rule E(8) "without precluding
the right to challenge lack of jurisdiction, insufficiency of
process, and insufficiency of service of process."  Notice of
Appearance (#17), at 2.  Every subsequent filing by Amis
specifically indicated it was filed by "restricted appearance."
*See*, *e.g.*, Motion to Vacate Arrest Warrant (#18) filed
October 18, 2019; Verified State of Right or Interest (#44)
filed October 31, 2019; and Answer (#46) of *In Rem* Defendant and
Counterclaims (#46) filed November 14, 2019.

　　　　Plaintiff contends Amis's Counterclaim for breach of
contract is an *in personam* claim that cannot be pursued by the
Vessel, and, therefore, Amis's prosecution of the Counterclaim
*in personam* subjects Amis to the personal jurisdiction of this
Court.  Plaintiff also contends "*in rem* maritime actions are
available 'only in connection with a maritime lien,'" (*Hunley v.
Ace Maritime Corp.*, 927 F.2d 493, 496 (9th Cir. 1991)) and that

"[c]laims not creating a maritime lien must be pursued *in
personam*" (*Melwire Trading Co. v. MV Cape Antibes*, 811 F.2d
1271, 1273 (9th Cir.), *amended on other grounds*, 830 F.2d 1083
(1987)).

In response Defendants contend the Vessel is capable
of asserting a counterclaim, and Supplemental Admiralty Rules
contemplate the right to do so.

The record reflects the Counterclaims and discovery
requests propounded by Amis were asserted on behalf of the
Vessel.  Defs.' Resp. (#155, Ex. 2).  The Court agrees with Amis
that it is inappropriate to abrogate Amis's due-process rights
at this stage of the litigation based on a jurisdiction motion
founded on a technical waiver argument.  In addition,
Plaintiff's claims do not arise from any conduct that occurred
in this jurisdiction:  The withdrawal of the Vessel from charter
occurred while the Vessel was in international waters between
South Africa and South America.

In summary, the Court concludes on this record that
Plaintiff has failed to establish this Court has general or
specific personal jurisdiction in Oregon over Defendants.

**B.    This Court does not have jurisdiction over the Wisdom Marine entities under Federal Rules of Civil Procedure 4(k)(2).**

Wisdom Marine entities and Amis are separate and independent corporations with their own boards of directors, corporate books, and corporate accounts.  Wisdom Marine Lines Co. LTD. is a Cayman corporation with its principal place of business in Taiwan.  Wisdom Marine Lines Co. LTD. does not have a direct ownership interest or control over Amis.

Wisdom Marine Lines, S.A., is a Panama corporation and a wholly-owned subsidiary of Wisdom Marine Lines Co. LTD.  The purpose of Wisdom Marine Lines, S.A., is to invest in ship-owning companies such as Amis.  Wisdom Marine Lines, S.A., is not the owner or operator of the Vessel.

Amis is a Panama corporation and a wholly-owned subsidiary of Wisdom Marines Lines, S.A.  Amis is the owner of the Vessel.  Amis pays monthly management fees to Wisdom Marine Lines, S.A., for services related to the Vessel such as making arrangements to maintain the seaworthiness of the Vessel; arranging proper insurance; arranging employment, training, and dispatching of crews; and arranging for the procurement and delivery of lubricant oil, spare parts, stores, sea charts, etc.

Defendants provided evidence, argument, and supporting

authority to show that port calls, incidental purchases, or crew changes in the United States by chartered vessels owned by subsidiaries of Wisdom Marine Lines, S.A., or revenue generated in the United States by the Wisdom Marine entities are not sufficient to confer jurisdiction under Rule 4(k)(2).

Defendants contend this Court lacks jurisdiction over the Wisdom Marine entities under Rule 4(k)(2) and that Plaintiff cannot establish the Court's exercise of personal jurisdiction comports with due process. In addition, Defendants contend the Court must resolve jurisdiction as a "threshold issue," and the "at home" test for general jurisdiction applies to personal jurisdiction pursuant to Rule 4(k)(2). Moreover, Defendants assert there is not any evidence that Defendants disregarded corporate formalities or that piercing the corporate veil is necessary to avoid fraud or injustice.

Plaintiff acknowledges the Wisdom Marine entities as a whole lack sufficient contacts with the United States to meet the "at home" standards required for the general exercise of personal jurisdiction over a foreign entity. Pl.'s Resp. (#155), at 10. Plaintiff, however, asserts the Wisdom Marine entities are subject to jurisdiction under Rule 4(k)(2) based on the allegation of alter-ego liability. Even though this Court

has determined Plaintiff sufficiently alleged a *prima facie* claim for alter-ego liability, Plaintiff still bears the burden to establish that the Court has jurisdiction over the Wisdom Marine entities. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Pursuant to Rule 4(k)(2) personal jurisdiction exists when (1) the cause of action arises under federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002).[2]

In *Ranza v. Nike, Inc.*, the Ninth Circuit considered whether an in-state corporation's contacts could be attributed to its foreign subsidiary to establish general jurisdiction over that subsidiary. 793 F.3d 1059, 1065 (9th Cir. 2015). The court made clear that the parent-subsidiary relationship does not on its own establish two entities as "alter egos," and, thus, does not indicate general jurisdiction over one gives rise

---

[2] Although the Ninth Circuit has not decided whether claims invoking admiralty jurisdiction arise under federal law for purposes of Rule 4(k)(2), Defendants do not dispute this action arises under federal law for purposes of this Motion. Defs.' Renewed Motion to Dismiss (#153), at 23 n.12.

22 — OPINION AND ORDER

to general jurisdiction over the other.  793 F.3d at 1070
[citations omitted].  The court held "the alter ego test may be
used to extend personal jurisdiction to a foreign parent or
subsidiary when, in actuality, the foreign entity is not really
separate from its domestic affiliate."  793 F.3d at 1073
(emphasis omitted).  To satisfy this test "a plaintiff must make
out a *prima facie* case (1) that there is such unity of interest
and ownership that the separate personalities of the two
entities no longer exist and (2) that failure to disregard their
separate identities would result in fraud or injustice." 793
F.3d at 1073 (quotation marks and alterations omitted).  *See
also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir.
2017)(citing *Ranza*, 793 F.3d 1059).  Plaintiff has not provided
such evidence here.

　　　Plaintiff requested alter-ego discovery as part of
its Reply (#111) in support of its Amended Motion for Leave
to Amend the Verified Complaint to add the Wisdom Marine
entities as defendants.  The record reflects Plaintiff pursued
jurisdictional discovery for over three months, which included
discovery requests related to Plaintiff's alter-ego claim.
Decl. of Marcus Oberg (#141).

　　　As noted, Plaintiff concedes in its Response that

"general personal jurisdiction may be lacking," but Plaintiff asserts the Court need not decide "at this time whether jurisdiction can be asserted separately against [the Wisdom Marine entities] via alter ego" because the factual record "has not been fully developed."  Plaintiff, however, does not make any other arguments or point to any evidence to establish that this Court has jurisdiction over the Wisdom Marine entities pursuant to Rule 4(k)(2).

The Court concludes on this record that Plaintiff has failed to provide sufficient facts to support its position that this Court has jurisdiction over the Wisdom Marine entities pursuant to Rule 4(k)(2).  Accordingly, the Court dismisses Plaintiff's claims against the Wisdom Marine entities for lack of jurisdiction.

In summary, Plaintiff has failed to establish that this Court has general or specific personal jurisdiction in Oregon over Defendants and has failed to establish this Court has jurisdiction over the Wisdom Marine entities pursuant to Rule 4(k)(2).

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Renewed Motion (#153) to Dismiss based on the ground of lack of proper service and **GRANTS** Defendants' Renewed Motion to Dismiss on the ground that this Court lacks general and specific personal jurisdiction in Oregon over Defendants Amis Integrity S.A.; Wisdom Marine Lines, S.A.; and Wisdom Marine Lines Co. LTD., and the Court also lacks jurisdiction over the Wisdom Marine entities under Federal Rule of Civil Procedure 4(k)(2). Accordingly, the Court, therefore, **DISMISSES** Plaintiff's claims against the *in personam* Defendants Amis Integrity S.A.; Wisdom Marine Lines, S.A.; and Wisdom Marine Lines Co. LTD.

The claims asserted against and by M/V Amis Integrity (IMO 9732412), *in rem*, remain in this matter. The Court **DIRECTS** Plaintiff and Defendant Amis Integrity S.A., as the owner of M/V Amis Integrity, to confer and to submit **no later than April 30, 2021**, a Joint Status Report and proposed case-management plan, including a proposed deadline to complete fact discovery and for

further handling of this case.

IT IS SO ORDERED.

DATED this 16th day of April, 2021.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge