IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DRY BULK SINGAPORE PTE. LTD.**, <br><br> Plaintiff, <br><br> v. <br><br> **M/V AMIS INTEGRITY (IMO 9732412) her engines, freights, apparel, appurtenances, tackle, etc.,** *in rem*. <br><br> Defendant. | Case No. 3:19-cv-01671-IM <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

This action comes before this Court on Plaintiff Dry Bulk Singapore PTE. LTD.'s ("Plaintiff") Motion to Strike. ECF 203. Plaintiff moves this Court for an order striking the designation of Mr. Brandon Leatha as an expert witness by Defendant M/V AMIS INTEGRITY ("Defendant" or "Vessel") in Defendant's Reply to Motion for Partial Summary Judgment and to Vacate Arrest, ECF 198.[1] *Id.* at 2. Plaintiff asks this Court to strike Defendant's expert Mr.

---

[1] This Court notes that the District of Oregon's Local Rules prohibit a party on summary judgment from raising evidentiary objections in a motion to strike rather than in a response or reply memorandum. L.R. 56-1(b). The Rule does not address objections raised by a non-moving party to a moving party's reply—the circumstance before this Court. But the only avenue—other than a motion to strike—would be for the non-moving party to raise objections in a surreply, and the moving party to respond in a surresponse. Unlike failing to object to a summary judgment motion in a response, objecting to a reply in a motion to strike rather than a surreply does not cause prejudice to the moving party. The moving party is able to respond, and the objections do not undermine a reply memorandum that has already been already filed. Local Rule 1-4 permits a court to "[i]n the interest of justice . . . suspend or modify the application of [the Local Rules]."

PAGE 1 – OPINION AND ORDER

Leatha, his Declaration, ECF 200, and his Report, ECF 200-1. *Id.* at 5. Plaintiff further asks this Court to disregard the references to Mr. Leatha's opinions in Defendant's Reply, ECF 198. *Id.* For the reasons discussed below, Plaintiff's Motion to Strike, ECF 203, is GRANTED.

## STANDARDS

Under Federal Rule of Civil Procedure 26, a party must "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). This "discretion is 'particularly wide' when it comes to excluding witnesses under Rule 37(c)(1)." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

---

L.R. 1-4. Because objections to a reply are not explicitly addressed by Local Rule 56-1(b) and do not cause prejudice to Defendant, this Court will consider the merits of Plaintiffs' objections to the designation of Mr. Brandon Leatha as an expert witness by Defendant.

## BACKGROUND[2]

Plaintiff is a Singaporean corporation in the business of chartering vessels in international commerce in connection with the maritime transportation of goods. ECF 167 at ¶ 2. This matter arises from the withdrawal of the Vessel, a bulk carrier, from the service of a charterer and sub-charterer, and the subsequent arrest of the Vessel in the United States District Court for the District of Oregon. *Id.* at ¶ 1. Amis Integrity S.A., the registered owner of the Vessel, chartered the Vessel to 24Vision Chartering Solution ("24Vision"). *Id.* at ¶ 3. On or about January 10, 2019, 24Vision sub-chartered the Vessel to Plaintiff. *Id.* at ¶ 4. But in July 2019, Defendant withdrew the Vessel from 24Vision's service because of 24Vision's failure to make timely payments under the head charter. *Id.* at ¶ 5. Withdrawal under the head charter had the effect of withdrawing the Vessel from Plaintiff's use. *Id.* at ¶ 6.

Claiming damages related to the withdrawal, Plaintiff brought suit and successfully arrested the Vessel. *Id.* at ¶¶ 9–10. Defendant asserted a counterclaim for wrongful arrest. *Id.* at ¶ 12. This Court adopted a case management schedule jointly proposed by the parties, which included an expert discovery deadline of April 29, 2022. ECF 181. On May 13, 2022, Plaintiff and Defendant filed cross motions for summary judgement and partial summary judgement, respectively. ECF 183; ECF 186; ECF 187. On June 17, 2022, Defendant filed a Reply to Motion for Partial Summary Judgment and to Vacate Arrest. ECF 198. Alongside this filing, Defendant included a Declaration packet from Brandon Leatha, who had been retained to "inspect specific email messages related to this litigation to determine the date and time each such email message was transmitted." ECF 200, Leatha Decl., at ¶ 3. Mr. Leatha included an appended report created

---

[2] A more complete recitation of the facts can be found in the parties' Joint Statement of Discovery Request and Joint Request for *In Camera* Review. ECF 167 at 2–7.

by his "expert services and consulting firm," which "provides digital forensics, electronic discovery, expert testimony, and technology consulting services." *See* ECF 200-1, Ex. 1, at 2. Defendant had not referenced Mr. Leatha prior to this declaration. *See* ECF 203 at 3. The timing of Defendant's emailed notice of withdrawal, analyzed by Mr. Leatha, is a disputed fact in this case. ECF 182 at ¶ 21 ("The parties dispute the date and time that the notice [of withdrawal] was transmitted.").

## DISCUSSION

In the Motion to Strike, Plaintiff objects to the designation of Mr. Brandon Leatha as an expert witness by Defendant in its Motion for Partial Summary Judgment and to Vacate Arrest, ECF 198. ECF 203 at 2. Plaintiff asks this Court to strike Mr. Leatha, his Declaration, ECF 200-1, and his Report, ECF 200. *Id.* at 5. Plaintiff also asks this Court to disregard the references to Mr. Leatha's opinions in Defendant's Reply, ECF 198. *Id.* In response, Defendant asks this court to take judicial notice of the dates and times that the withdrawal notices were sent, as extracted by Mr. Leatha. ECF 205 at 4. Defendant also states that to the extent Mr. Leatha is an expert, the disclosure was not untimely. *Id.* at 5. In the alternative, Defendant contends that this untimely disclosure was justified and harmless. *Id.* at 6. This Court will consider each of these arguments in turn.

**A. Expert Status**

Plaintiff contends that Defendant both improperly referenced Mr. Leatha as an expert and included expert opinions in Mr. Leatha's Declaration and Report after the expert discovery deadline had expired. ECF 203 at 2–3. Alongside Defendant's Reply to Motion for Partial Summary Judgment and to Vacate Arrest, Defendant included a Declaration packet from Mr. Leatha. Mr. Leatha had been retained to "inspect email messages related to this litigation to determine the date and time each such email message was transmitted." ECF 200, Leatha Decl.,

PAGE 4 – OPINION AND ORDER

at 2. The report was created by an "expert services and consulting firm," which "provides digital forensics, electronic discovery, expert testimony, and technology consulting services." *See* ECF 200-1, Leatha Report, at 2. By Defendant's own admission, Defendant "confirm[ed]" the email metadata presented with the "aid of" Mr. Leatha. ECF 205 at 4. This Court finds that Mr. Leatha's Declaration and Report qualify as expert opinions and deems Mr. Leatha an expert for the purposes of these motions.

**B.  Judicial Notice**

Defendant asks this Court to take judicial notice of the metadata extracted by Mr. Leatha regarding the dates and times of the withdrawal notice emails. ECF 205 at 4. Under Federal Rule of Evidence 201, a court can take judicial notice of "a fact that is not subject to reasonable dispute" if it is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant argues that the withdrawal email times and dates are judicially noticeable because they are not subject to reasonable dispute. ECF 205 at 4. However, Plaintiff points out that the timing of these emails has been "a fundamental dispute in the case from its infancy." ECF 206 at 4. In support, Plaintiff cites the Parties' Joint Statement of Agreed Facts that "*[t]he parties **dispute** the date and time that the notice [of withdrawal] was transmitted.*" ECF 206 at 4 (quoting ECF 182 at ¶ 21) (bold and italics added by Plaintiff). Defendant also contends that "[m]etadata is not uncommon" and "available for all to see." ECF 205 at 4.  However, Plaintiff highlights that Defendant "confirm[ed]" the email metadata presented with the "aid of" Mr. Leatha. ECF 206 at 5 (quoting ECF 205 at 4). Based on this, Plaintiff argues that this metadata is neither generally known nor capable of accurate and ready determination. *Id.* This Court agrees. Accordingly, because this metadata is disputed factual

PAGE 5 – OPINION AND ORDER

information and not generally known, this Court rejects Defendant's contention that the metadata extracted by Mr. Leatha is judicially noticeable. This Court declines to notice these materials.

### C. Disclosure Timeliness

To the extent this Court deems Mr. Leatha to be an expert, Defendant argues that the disclosure of Mr. Leatha was not untimely. ECF 205 at 5. Defendant did not reference Mr. Leatha before the expert discovery deadline of April 29, 2022. ECF 206 at 6. However, Defendant points out that no expert disclosure deadline had been set. ECF 205 at 5. Defendant also references Fed. R. Civ. P. 26(a)(2)(D), which requires disclosures "at least 90 days before the date set for trial" in the *absence* of "a stipulation or a court order." *Id.* at 6. Accordingly, because of the absence of any expert disclosure deadline or trial date, Defendant argues that the disclosure was not untimely. *Id.* However, this Court set April 29, 2022 as the deadline for all expert discovery, based on a joint status report in which the parties did not seek to include specific expert disclosure deadlines. ECF 181; ECF 180 at 5. Plaintiff could not have foreseen that Defendant would disclose new experts beyond the expert discovery deadline.

Further, in setting an expert discovery deadline, this Court issued a relevant court order— thereby nullifying the relevance of Fed. R. Civ. P. 26(a)(2)(D) in determining timeliness. No trial date has been set in this matter because at the December 17, 2021 status conference, the parties represented that this case would likely be decided on summary judgement. ECF 175 at 13. This Court deems the disclosure of Mr. Leatha untimely.

### D. Justification and Harm of Late Disclosure

To the extent that the disclosure is deemed late, Defendant argues that exclusion of the metadata is not mandatory. ECF 205 at 6. Under Federal Rule of Civil Procedure 37, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In evaluating whether a violation of Rule 26(a)'s expert reporting requirements is justified or harmless, courts may consider the following: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (internal quotation marks and citation omitted).

Here, Defendant had the entirety of the discovery period to hire an expert to confirm the dates and times of the withdrawal emails. Defendant's failure to disclose Mr. Leatha prior to the end of the expert discovery period would result in unfair prejudice to Plaintiff. Curing this prejudice would likely cause a significant delay in future proceedings. ECF 206 at 8. This Court finds that the late expert disclosure of Mr. Leatha in Defendant's Reply was neither justified nor harmless.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Strike is GRANTED.

**IT IS SO ORDERED.**

DATED this 13th day of September, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – OPINION AND ORDER